# EXHIBIT 1

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| JASON W. SHORT (CA SBN 263667)<br>PITE DUNCAN, LLP<br>4375 JUTLAND DRIVE, SUITE 200<br>P.O. BOX 17935<br>SAN DIEGO, CA 92177-0935<br>TELEPHONE NO.: (858) 750-7600   FAX NO.: (619) 590-1385<br>ATTORNEY FOR (Name): SAND CANYON CORPORATION | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SOLANO
STREET ADDRESS: 600 UNION AVENUE
MAILING ADDRESS:
CITY AND ZIP CODE: FAIRFIELD, CA 94533
BRANCH NAME: HALL OF JUSTICE

CASE NAME:   IN RE THE TRUSTEE'S SALE OF THE REAL PROP.
LOC. AT 7387 JUNEBUG LANE, VACAVILLE, CA 95688

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount demanded exceeds $25,000) | [ ] Limited<br>(Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400-3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort | [ ] Other collections (09) | [ ] Construction defect (10) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Medical malpractice (45) | Real Property | [ ] Environmental/Toxic tort (30) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| Non-PI/PD/WD (Other) Tort | [ ] Wrongful eviction (33) | Enforcement of Judgment |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | Unlawful Detainer | Miscellaneous Civil Complaint |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint (not specified above) (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | Miscellaneous Civil Petition |
| [ ] Professional negligence (25) | Judicial Review | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [X] Other petition (not specified above) (43) |
| Employment | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve      in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [ ] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [ ] punitive

4. Number of causes of action (specify): 1

5. This case [ ] is [X] is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: June 27, 2012                                          5-11E-13409

JASON W. SHORT (CA SBN 263667)
_____                 _____
(TYPE OR PRINT NAME)                                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

DEPARTMENT OF JUSTICE
RECORD
TAX DIV

MC-095

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| JASON W. SHORT (CA SBN 263667)<br>PITE DUNCAN, LLP<br>4375 JUTLAND DRIVE, SUITE 200<br>P.O. BOX 17935<br>SAN DIEGO, CA 92177-0935<br>TELEPHONE NO.: (858) 750-7600   FAX NO. *(Optional):* (619) 590-1385<br>E-MAIL ADDRESS *(Optional):* jshort@piteduncan.com<br>ATTORNEY FOR *(Name):* SAND CANYON CORPORATION | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   SOLANO
  STREET ADDRESS: 600 UNION AVENUE
  MAILING ADDRESS:
  CITY AND ZIP CODE: FAIRFIELD, CA 94533
  BRANCH NAME: HALL OF JUSTICE

IN RE *(ADDRESS OF REAL PROPERTY):*
THE TRUSTEE'S SALE OF THE REAL PROPERTY LOCATED AT:
7387 JUNEBUG LANE, VACAVILLE, CA 95688

| PETITION AND DECLARATION REGARDING UNRESOLVED CLAIMS AND DEPOSIT OF UNDISTRIBUTED SURPLUS PROCEEDS OF TRUSTEE'S SALE | |
|---|---|
| **Jurisdiction** *(check all that apply):*<br> ☐ **ACTION IS A LIMITED CIVIL CASE**<br>  **Amount deposited** ☐ **does not exceed $10,000**<br>      ☐ **exceeds $10,000, but does not exceed $25,000**<br> ☒ **ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)** | CASE NUMBER: |

1. Petitioner *(name):* SAND CANYON CORP., FKA     is the trustee under the Deed of Trust described in items 2 and 3 below.
              PREMIER TRUST DEED

**The Deed of Trust**

2. The Deed of Trust encumbered the real property commonly known as *(describe):*
   7387 JUNEBUG LANE
   VACAVILLE, CA 95688
   (the "property") and legally described  ☐ in Attachment 2   ☒ as follows:
   PARCEL "B OF 1", AS SHOWN ON THAT CERTAIN MAP ENTITLED, "PARCEL 1, P.M. BOOK 2,
   PAGE 94, LOTS 12-14 LOCKE PADDON COLONY NO. 8, SOLANO COUNTY, CALIFORNIA",
   FILED DECEMBER 1, 1969 IN BOOK 3 OF PACEL MAPS, AT PAGE 86, SOLANO COUNTY
   RECORDS

3. The Deed of Trust was

   a. Executed by *(name):* ALAN S. COLEMAN                              as trustor.

   b. Executed on *(date):* FEBRUARY 14, 1997

   c. Recorded:

      (1) Date: FEBRUARY 21, 1997

      (2) County: SOLANO

      (3) Instrument number: 1997-00010422

Form Adopted for Mandatory Use<br>Judicial Council of California<br>795 [Rev. January 1, 2004]

**PETITION AND DECLARATION REGARDING**
**UNRESOLVED CLAIMS AND DEPOSIT OF UNDISTRIBUTED**
**SURPLUS PROCEEDS OF TRUSTEE'S SALE**

Civil Code, § 2924j

Legal
Solutions
Plus

| IN RE: THE TRUSTEE'S SALE OF THE REAL PROPERTY LOCATED AT: 7387 JUNEBUG LANE, VACAVILLE, CA 95688 | CASE NUMBER: |
|---|---|

**The Trustee's Sale, Surplus Proceeds, and Notice to Potential Claimants**

4.  The property was the subject of a trustee's sale that was held on *(date)*: APRIL 23, 2007

5.  A trustee's sale guarantee was prepared for the trustee's sale. *(A copy of the trustee's sale guarantee must be attached as Attachment 5.)*

6.  The total sale price of the property was: $ 440,900.00

7.  After payment of the amounts required by Civil Code section 2924k(a)(1)–(2), there were surplus proceeds from the trustee's sale available to potential claimants in the total amount of: $ 306,853.49

8.  Within 30 days after the trustee's sale, the trustee sent written notice under Civil Code section 2924j(a) to all persons with a recorded interest in the real property as of the date immediately prior to the trustee's sale who would be entitled to notice. The names and addresses of all persons sent notice under Civil Code section 2924j(a) are as follows:

[X] Continued on Attachment 8.

**The Claims**

9.  The trustee has received a total of *(specify number):* 5    written claims from potential claimants.

10. The trustee has exercised due diligence to determine the priority of the written claims received by the trustee to the trustee's sale surplus proceeds from the persons identified in item 8 to whom notice was sent.

11. The trustee submits this declaration under Civil Code section 2924j(c) for the following reason:

   a.  [ ]  After due diligence, the trustee is unable to determine the priority of the written claims received by the trustee to the trustee's sale surplus proceeds. *(If this reason applies, describe the problem of determining priorities in Attachment 11a.)*

   b.  [X]  The trustee has determined that there is a conflict between potential claimants to the surplus proceeds. *(If this reason applies, identify the claimants and describe the conflict in Attachment 11b.)*

12. The trustee provides the following additional information relevant to the identity, location, priority of potential claimants, and the conflict of claims:

[X] Continued on Attachment 12.

**Notice of Intent to Deposit Funds and Proof of Service**

13. The trustee has provided written notice to all persons with a recorded interest in the property who would be entitled to notice under Civil Code section 2924b(b)–(c). The notice includes the following information:

   a.  The trustee intends to deposit funds from the trustee's sale with the clerk of the court.

   b.  A claim for funds must be filed with the court within 30 days from the date of notice.

   c.  The address of the court in which the funds are to be deposited and a telephone number for obtaining further information.

   *(Proof of Service of the notice on all persons entitled to notice under Civil Code section 2924j(d) must be attached to this declaration as Attachment 13.)*

---

**PETITION AND DECLARATION REGARDING
UNRESOLVED CLAIMS AND DEPOSIT OF UNDISTRIBUTED
SURPLUS PROCEEDS OF TRUSTEE'S SALE**

| IN RE: THE TRUSTEE'S SALE OF THE REAL PROPERTY LOCATED AT: 7387 JUNEBUG LANE, VACAVILLE, CA 95688 | CASE NUMBER: |
|---|---|

**Deposit**

**14. Distributions**
The trustee has distributed the total amount of: $ 0.00          to the following claimants based on their written claims:
Name of claimant:                                                     Amount:

                                                                                    0.00
                                                                                    0.00
                                                                                    0.00
                                                                                    0.00
                                                                                    0.00
                                                                                    0.00
                                                                                    0.00

☐ Continued on Attachment 14.

**15. Trustee's Fees and Expenses**
The trustee has incurred reasonable fees and expenses totaling: $ 3,007.38          . These fees and expenses are recoverable under Civil Code section 2924k(a)(1) and (b) and are described ☐ in Attachment 15   ☒ as follows (specify):

          ATTORNEY'S FEES AND COSTS   .....   $3,007.38

**16. Deposit**
The amount to be deposited is calculated as follows:

| | |
|---|---:|
| a. Trustee's sale proceeds ........................................$ | 440,900.00 |
| b. Debt to foreclosing creditor ...................................$ | 131,039.13 |
| c. Available surplus proceeds *(a minus b)* ........................$ | 309,860.87 |
| d. Claims paid by trustee *(from item 14)* .........................$ | 0.00 |
| e. Trustee's fees and expenses *(from item 15)* ....................$ | 3,007.38 |
| f. Remaining surplus proceeds *(c minus (d plus e))* ...............$ | 306,853.49 |
| g. Filing fee .....................................................$ | 0.00 |
| h. Deposit *(f minus g)* ..........................................$ | 306,853.49 |

*(If the trustee is represented by an attorney, the attorney's signature follows):*

Date: June 27 2012

JASON W. SHORT
   (TYPE OR PRINT NAME OF ATTORNEY)                      ▶                      (SIGNATURE OF ATTORNEY)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

BRIAN D. MCCONNELL/SAND CANYON CORP.
   (TYPE OR PRINT NAME OF TRUSTEE)                      ▶                      (SIGNATURE OF TRUSTEE)



**PETITION AND DECLARATION REGARDING
UNRESOLVED CLAIMS AND DEPOSIT OF UNDISTRIBUTED
SURPLUS PROCEEDS OF TRUSTEE'S SALE**

| IN RE: THE TRUSTEE'S SALE OF THE REAL PROPERTY LOCATED AT: 7387 JUNEBUG LANE, VACAVILLE, CA 95688 | CASE NUMBER: |
|---|---|

Deposit

**14. Distributions**

The trustee has distributed the total amount of: $ 0 . 00

Name of claimant:

to the following claimants based on their written claims:

Amount:

0.00
0.00
0.00
0.00
0.00
0.00
0.00

[ ] Continued on Attachment 14.

**15. Trustee's Fees and Expenses**

The trustee has incurred reasonable fees and expenses totaling: $ 3 , 007 . 38 . These fees and expenses are recoverable under Civil Code section 2924k(a)(1) and (b) and are described [ ] in Attachment 15 [X] as follows (specify):

ATTORNEY'S FEES AND COSTS . . . . . $3,007.38

**16. Deposit**

The amount to be deposited is calculated as follows:

a. Trustee's sale proceeds . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$     440,900.00
b. Debt to foreclosing creditor . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$     131,039.13
c. Available surplus proceeds (a minus b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$     309,860.87
d. Claims paid by trustee (from item 14) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$           0.00
e. Trustee's fees and expenses (from item 15) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$       3,007.38
f. Remaining surplus proceeds (c minus (d plus e)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$     306,853.49
g. Filing fee . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$           0.00
h. Deposit (f minus g) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$     306,853.49

(If the trustee is represented by an attorney, the attorney's signature follows):

Date:

JASON W. SHORT
_____          ►
(TYPE OR PRINT NAME OF ATTORNEY)                              (SIGNATURE OF ATTORNEY)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: July 5, 2012

BRIAN D. MCCONNELL/SAND CANYON CORP.          ►
(TYPE OR PRINT NAME OF TRUSTEE)                              (SIGNATURE OF TRUSTEE)

**PETITION AND DECLARATION REGARDING
UNRESOLVED CLAIMS AND DEPOSIT OF UNDISTRIBUTED
SURPLUS PROCEEDS OF TRUSTEE'S SALE**

# ATTACHMENT 5

## SCHEDULE A

PREMIUM: $ 481.00          POLICY AND COMMITMENT NO.:     2991475
                          YOUR REF. NO.:   06-26067-CA

1. FORECLOSURE TITLE POLICY
   DATE OF POLICY:   JUNE 1, 2006          LIABILITY AMOUNT:  $ 112,000.00

2. FORECLOSURE TITLE POLICY
   INSURED:     PREMIER TRUST DEED SERVICES INC., A CALIFORNIA CORPORATION, AS TRUSTEE

3. COMMITMENT
   PROPOSED INSURED:     OPTION ONE MORTGAGE CORPORATION, AS BENEFICIARY

4. COMMITMENT DATE     JUNE 1, 2006          COMMITMENT AMOUNT:     $112,000.00

5. THE POLICY THE COMPANY IS COMMITTING TO ISSUE TO THE PROPOSED INSURED IS AN ALTA
   EAGLEEDGE™ HOMEOWNERS POLICY.

6. THE ESTATE OR INTEREST IN THE LAND WHICH IS COVERED BY THIS POLICY AND COMMITMENT IS:

   A FEE

7. TITLE TO THE ESTATE OR INTEREST IN THE LAND IS VESTED IN:

   ALAN S. COLEMAN AND STACI E. COLEMAN, HUSBAND AND WIFE, AS JOINT TENANTS

8. THE LAND REFERRED TO IN THIS POLICY AND COMMITMENT, IS SITUATED IN CITY OF VACAVILLE,
   COUNTY OF SOLANO STATE OF CALIFORNIA, AND DESCRIBED IN EXHIBIT A.

9. MORTGAGE SUBJECT OF THE FORECLOSURE:

   A DEED OF TRUST TO SECURE AN ORIGINAL INDEBTEDNESS OF $119,000.00, AND ANY AMOUNTS OR
   OBLIGATIONS SECURED THEREBY, RECORDED FEBRUARY 21, 1997 AS INSTRUMENT NO.
   1997-00010422 OF OFFICIAL RECORDS.
   DATED:                    FEBRUARY 14, 1997.
   TRUSTOR:                  ALAN S. COLEMAN, A MARRIED MAN AS HIS SOLE AND SEPARATE
                             PROPERTY.
   TRUSTEE:                  PREMIER TRUST DEED SERVICES, INC.
   BENEFICIARY:              OPTION   ONE   MORTGAGE   CORPORATION,   A   CALIFORNIA
                             CORPORATION.

   NOTE 1:  A REQUEST FOR NOTICE OF DEFAULT AND SALE PURSUANT TO SECTION 2924b OF THE
   CALIFORNIA CIVIL CODE WAS RECORDED FEBRUARY 27, 1998 AS INSTRUMENT NO. 1998-00013588 OF
   OFFICIAL RECORDS.

   NOTE 2:  AN INSTRUMENT ENTITLED "CORPORATION ASSIGNMENT OF DEED OF TRUST",
   RELATING TO THE ABOVE MENTIONED DEED OF TRUST, WAS RECORDED MAY 12, 1998 AS
   INSTRUMENT NO. 1998-00035256 OF OFFICIAL RECORDS, EXECUTED BY OPTION ONE MORTGAGE
   CORPORATION, A CALIFORNIA CORPORATION TO THE BANK OF NEW YORK, AS TRUSTEE OF
   AMRESCO RESIDENTIAL SECURITIES CORPORATION MORTGAGE LOAN TRUST 1997-2 UNDER THE
   POOLING AND SERVICING AGREEMENT DATED AS OF JUNE 1, 1997.

   NOTE 3:  NOTICE OF DEFAULT RECORDED JUNE 1, 2006 AS INSTRUMENT NO. 2006-00069339 OF
   OFFICIAL RECORDS.

   NOTE 4: THE BENEFICIARY NAMED AS THE ASSURED ON THIS TRUSTEE'S SALE GUARANTEE DOES
   NOT APPEAR TO BE THE BENEFICIARY OF RECORD.

## INFORMATION FOR TRUSTEE

**SCHEDULE B – PART I : 10-DAY, 1 MONTH AND COURTESY MAILINGS**

1. THE NAMES AND ADDRESSES OF PERSONS WHO HAVE RECORDED REQUESTS, AS PROVIDED BY SECTION 2924b (a) AND (d) OF THE CIVIL CODE, FOR A COPY OF NOTICE OF DEFAULT AND FOR A COPY OF NOTICE OF SALE ARE:

   FRIEDMAN FINANCIAL
   P.O. BOX 533
   VINEBURG  CA 95487
   (REQUEST FOR NOTICE)

   ALAN S. COLEMAN
   7387 JUNEBUG LANE
   VACAVILLE  CA 95688
   (TRUSTOR UNDER FCL DEED OF TRUST)

2. THE NAMES AND ADDRESSES OF ADDITIONAL PERSONS WHO, AS PROVIDED BY SECTION 2924b (c) (1) AND (2) OF THE CIVIL CODE, ARE ENTITLED TO RECEIVE A COPY OF NOTICE OF DEFAULT AND A COPY OF NOTICE OF SALE ARE:

   STACI E. COLEMAN
   7387 JUNEBUG LANE
   VACAVILLE  CA 95688
   (VESTEE)

   JOHNNY J. CAVORETTO
   C/O LEONARD M. TILLEM, MICHAEL E. MAUTNER
   846 BROADWAY, STE. A
   SONOMA  CA 95476
   (REGARDING ITEM #4)

   ELIZABETH CAVORETTO
   C/O LEONARD M. TILLEM, MICHAEL E. MAUTNER
   846 BROADWAY, STE. A
   SONOMA  CA 95476
   (REGARDING ITEM #4)

3. WHILE THE CALIFORNIA CIVIL CODE UNDER SECTION 2924b DOES NOT REQUIRE COPIES OF NOTICES OF DEFAULT AND NOTICES OF SALE TO BE SENT TO THE FOLLOWING PARTIES, THESE NOTICES MAY BE SENT TO THE NAMES AND ADDRESS AS SHOWN:

   CALIFORNIA SERVICE BUREAU, INC.
   C/O DERMOTT, CUTLER & MCLAUGHLIN
   P O BOX 2773, 440 SOUTH E ST.
   SANTA ROSA  CA 95405
   (REGARDING ITEM NOS. 6 & 9)

   CALIFORNIA SERVICE BUREAU, INC.
   C/O DERMOTT, CUTLER & MCLAUGHLIN
   P O BOX 2773
   SANTA ROSA  CA 95405
   (REGARDING ITEM NOS. 6 & 9)

   CALIFORNIA SERVICE BUREAU, INC.
   C/O MICHAEL K. SIPES
   3050 FITE CIRCLE #107
   SACRAMENTO  CA 95827
   (REGARDING ITEM #11)



**IMPORTANT NOTICE REGARDING MILITARY STATUS:** ATTENTION IS CALLED TO THE SERVICEMEMBERS CIVIL RELIEF ACT WHICH CONTAINS INHIBITIONS AGAINST THE SALE OF THE LAND UNDER A MORTGAGE IF THE VESTEE IS ENTITLED TO THE BENEFITS OF THE ACT.

**SCHEDULE B – PART II :  STATE AND FEDERAL MAILINGS**

4.     THE NAMES AND ADDRESSES OF STATE TAXING AGENCIES WHICH, AS PROVIDED BY SECTION 2924b (c) (3) OF THE CIVIL CODE, ARE ENTITLED TO RECEIVE A COPY OF NOTICE OF SALE ARE:

STATE OF CALIFORNIA FRANCHISE TAX BOARD
SPECIAL PROCEDURES SECTION
PO BOX 2952
SACRAMENTO  CA 95812-2952
(REGARDING ITEM NOS. 8, 10 & 12)

5.     ATTENTION IS CALLED TO THE FEDERAL TAX LIEN ACT OF 1966 (PUBLIC LAW 89-719) WHICH, AMONG OTHER THINGS, PROVIDES FOR THE GIVING OF WRITTEN NOTICE OF SALE IN A SPECIFIED MANNER TO THE SECRETARY OF TREASURY OR HIS DELEGATE AS A REQUIREMENT FOR THE DISCHARGE OR DIVESTMENT OF A FEDERAL TAX LIEN IN A NON-JUDICIAL SALE, AND ESTABLISHES WITH RESPECT TO SUCH LIEN A RIGHT IN THE UNITED STATES TO REDEEM THE PROPERTY WITHIN A PERIOD OF 120 DAYS FROM THE DATE OF ANY SUCH SALE:

INTERNAL REVENUE SERVICE
SPECIAL PROCEDURES - SUITE 1400S
1301 CLAY STREET
OAKLAND  CA 94612
(REGARDING ITEM #7)

**SCHEDULE B – PART III : NEWSPAPER, APN, ADDRESS**

6.     NEWSPAPERS QUALIFYING AS A PUBLICATION FOR NOTICE OF THE FORECLOSURE PURSUANT TO APPLICABLE LAW:

VACAVILLE REPORTER
318 MAIN STREET
VACAVILLE, CA 95688
(707)448-6401
PUBLISHED: DAILY

7.   THE LAND REFERRED TO IN THIS POLICY IS LOCATED IN:        **CITY OF VACAVILLE**

IF NOT IN A CITY, JUDICIAL DISTRICT IN WHICH SAID LAND IS LOCATED:

WITH AN ADDRESS OF:     **7387 JUNEBUG LANE, VACAVILLE, CA 95688**

ASSESSORS PARCEL OR TAX IDENTIFICATION NO.:        0105-140-060

## EXHIBIT A

THE LAND IS SITUATED IN CITY OF VACAVILLE, COUNTY OF SOLANO STATE OF CALIFORNIA, AND DESCRIBED AS FOLLOWS:

PARCEL 'B OF 1' AS SHOWN ON THAT CERTAIN MAP ENTITLED 'PARCEL 1, P.M. BOOK 2, PAGE 94, LOTS 12-14 LOCKE PADDON COLONY NO. 8, SOLANO COUNTY, CALIFORNIA', FILED DECEMBER 1, 1969 IN BOOK 3 OF PARCEL MAPS, AT PAGE 86, SOLANO COUNTY RECORDS.

# SCHEDULE OF EXCEPTIONS

THIS FORECLOSURE TITLE POLICY DOES NOT AND THE POLICY THE COMPANY IS COMMITTING TO ISSUE IN SCHEDULE A WILL NOT INSURE AGAINST LOSS OR DAMAGE, AND THE COMPANY WILL NOT PAY COSTS, ATTORNEYS' FEES AND EXPENSES, WHICH ARISE BY REASON OF:

## PART I

1.  ANY DISCREPANCIES OR CONFLICTS IN BOUNDARY LINES, ANY SHORTAGES IN AREA, OR ANY ENCROACHMENT OR OVERLAPPING OF IMPROVEMENTS.

2.  ANY FACTS, RIGHTS, INTEREST OR CLAIMS WHICH ARE NOT SHOWN BY THE PUBLIC RECORDS BUT WHICH COULD BE ASCERTAINED BY AN ACCURATE SURVEY OF THE LAND OR BY MAKING INQUIRY OF PERSONS IN POSSESSION THEREOF.

3.  EASEMENTS, LIENS OR ENCUMBRANCES OR CLAIMS THEREOF, WHICH ARE NOT SHOWN BY THE PUBLIC RECORDS.

4.  ANY LIEN, OR RIGHT TO LIEN FOR SERVICES, LABOR OR MATERIAL IMPOSED BY LAW AND NOT SHOWN BY THE PUBLIC RECORDS.

5.  COVENANTS, CONDITIONS AND RESTRICTIONS, IF ANY, SHOWN BY THE PUBLIC RECORDS.

6.  EASEMENTS OR SERVITUDES, IF ANY, APPEARING IN THE PUBLIC RECORDS.

7.  ANY LEASE, GRANT, EXCEPTION OR RESERVATION OF MINERAL RIGHTS APPEARING IN THE PUBLIC RECORDS.

8.  ALL ASSESSMENTS AND TAXES NOT YET DUE AND PAYABLE AT DATE OF POLICY AND DATE OF COMMITMENT.

9.  THE MORTGAGE DESCRIBED OR REFERRED TO IN PARAGRAPH 9 OF SCHEDULE A.

## PART II -ADDITIONAL EXCEPTIONS (SENIOR)

THE FOLLOWING ARE ALSO EXCEPTIONS TO COVERAGE IN THIS FORECLOSURE TITLE POLICY THAT HAVE PRIORITY OVER THE MORTGAGE AND WILL BE SHOWN IN THE SCHEDULE OF EXCEPTIONS IN THE POLICY THE COMPANY IS COMMITTING TO ISSUE IN PARAGRAPH 5 OF SCHEDULE A UPON COMPLETION OF A LAWFULLY CONDUCTED FORECLOSURE AND HAVING MET THE COMMITMENT REQUIREMENTS:

1. GENERAL AND SPECIAL TAXES FOR THE FISCAL YEAR 2005-2006,
FIRST INSTALLMENT:         $1,164.95, DELINQUENT WITH PENALTY.
SECOND INSTALLMENT:        $1,174.95, DELINQUENT WITH PENALTY.
CODE AREA:                 091-046.
A. P. NO.:                 0105-140-060.
EXEMPTION:                 $0.00.
LAND:                      $87,634.00.
IMPROVEMENT:               $111,004.00.

2. THE LIEN OF DEFAULTED TAXES FOR THE FISCAL YEAR 2003-2004 AND SUBSEQUENT DELINQUENCIES.

AMOUNT TO REDEEM           VALID THROUGH
$5662.76                   06/30/2006.
CODE AREA:                 091-046.
A. P. NO.:                 0105-140-060.

3. THE PROPERTY COVERED HEREIN LIES WITHIN THE BOUNDARIES OF VARIOUS ASSESSMENT DISTRICTS AND ANY AMENDMENTS THERETO.

4.  NOTICE OF PENDENCY OF ACTION RECORDED APRIL 17, 1998 AS INSTRUMENT NO. 1998-00028123 OF OFFICIAL RECORDS.

COURT:                    IN THE SUPERIOR COURT FOR THE STATE OF CALIFORNIA IN AND FOR
                          THE COUNTY OF SOLANO.
CASE NO.:                 L010412.
PLAINTIFF:                JOHNNY J. CAVORETTO AND ELIZABETH CAVORETTO.
DEFENDANT:                STACI COLEMAN AND DOES 1 THROUGH 5.
PURPOSE:                  CONCERNING AND AFFECTING REAL PROPERTY.

NOTE:    ALTHOUGH SAID LIS PENDENS WAS RECORDED SUBSEQUENT TO THE FORECLOSING DEED OF TRUST, IT IS UNCLEAR WHETHER OR NOT SAID ACTION WILL BE ELIMINATED BY THE FORECLOSURE SALE. PLEASE CONTACT YOUR TITLE OFFICER FOR FURTHER INFORMATION.

## PART III - AFFECTED EXCEPTIONS (JUNIOR)

THE FOLLOWING ARE ALSO EXCEPTIONS TO COVERAGE IN THIS FORECLOSURE TITLE POLICY BUT WILL NOT BE SHOWN IN THE SCHEDULE OF EXCEPTIONS IN THE POLICY THE COMPANY IS COMMITTING TO ISSUE IN PARAGRAPH 5 OF SCHEDULE A UPON COMPLETION OF A LAWFULLY CONDUCTED FORECLOSURE AND HAVING MET THE COMMITMENT REQUIREMENTS:

5.   A DECLARATION OF HOMESTEAD EXECUTED BY STACI E. COLEMAN AND ALAN S. COLEMAN, RECORDED MAY 4, 1998 AS INSTRUMENT NO. 1998-00033143 OF OFFICIAL RECORDS.

6.   AN ABSTRACT OF JUDGMENT RECORDED AUGUST 17, 2001 AS INSTRUMENT NO. 2001-00094472 OF OFFICIAL RECORDS.

| | |
|---|---|
| COURT: | SUPERIOR COURT SOLANO COUNTY, FAIRFIELD BRANCH. |
| CASE NO.: | FCM076739. |
| DEBTOR: | STACI ELIZABETH COLEMAN AND ALAN SCOTT COLEMAN. |
| CREDITOR: | CALIFORNIA SERVICE BUREAU, INC. |
| AMOUNT: | $3,993.14, AND ANY OTHER AMOUNTS DUE THEREUNDER. |

7.   A FEDERAL TAX LIEN IN FAVOR OF THE UNITED STATES OF AMERICA, RECORDED MAY 8, 2003 AS INSTRUMENT NO. 200300074436 OF OFFICIAL RECORDS.

| | |
|---|---|
| SERIAL NO.: | 940353127. |
| DEBTOR: | ALAN S COLEMAN & STACI E FRANCIE. |
| AMOUNT: | $20,090.82, AND ANY OTHER AMOUNTS DUE THEREUNDER. |

8.   A LIEN IN FAVOR OF THE STATE OF CALIFORNIA, EVIDENCED BY A CERTIFICATE ISSUED BY THE FRANCHISE TAX BOARD, RECORDED MAY 21, 2003 AS INSTRUMENT NO. 200300082290 OF OFFICIAL RECORDS.

| | |
|---|---|
| DEBTOR: | ALAN S COLEMAN. |
| CERTIFICATE NO.: | 03129359990. |
| AMOUNT: | $17,199.48, AND ANY OTHER AMOUNTS DUE THEREUNDER. |

9.   AN ABSTRACT OF JUDGMENT RECORDED SEPTEMBER 2, 2003 AS INSTRUMENT NO. 200300147957 OF OFFICIAL RECORDS.

| | |
|---|---|
| COURT: | SUPERIOR COURT OF CALIFORNIA, COUNTY OF SOLANO, FAIRFIELD BRANCH "LIMITED CIVIL". |
| CASE NO.: | FCM082873. |
| DEBTOR: | STACI ELIZABETH COLEMAN AND ALAN COLEMAN. |
| CREDITOR: | CALIFORNIA SERVICE BUREAU, INC. |
| AMOUNT: | $9,692.24, AND ANY OTHER AMOUNTS DUE THEREUNDER. |

10.  A LIEN IN FAVOR OF THE STATE OF CALIFORNIA, EVIDENCED BY A CERTIFICATE ISSUED BY THE FRANCHISE TAX BOARD, RECORDED NOVEMBER 8, 2004 AS INSTRUMENT NO. 200400160297 OF OFFICIAL RECORDS.

| | |
|---|---|
| DEBTOR: | ALAN S COLEMAN. |
| CERTIFICATE NO.: | 04303350092. |
| AMOUNT: | $49,189.29, AND ANY OTHER AMOUNTS DUE THEREUNDER. |

11.  AN ABSTRACT OF JUDGMENT RECORDED JUNE 10, 2005 AS INSTRUMENT NO. 200500085757 OF OFFICIAL RECORDS.

| | |
|---|---|
| COURT: | SUPERIOR COURT OF CALIFORNIA, COUNTY OF SOLANO. |
| CASE NO.: | FCS 024882. |
| DEBTOR: | STACI COLEMAN AKA STACI FRANCIS AKA STACI FORD AND ALAN COLEMAN. |
| CREDITOR: | CALIFORNIA SERVICE BUREAU, INC. |
| AMOUNT: | $167,087.67, AND ANY OTHER AMOUNTS DUE THEREUNDER. |

12.  A LIEN IN FAVOR OF THE STATE OF CALIFORNIA, EVIDENCED BY A CERTIFICATE ISSUED BY THE FRANCHISE TAX BOARD, RECORDED MAY 24, 2006 AS INSTRUMENT NO. 200600065786 OF OFFICIAL RECORDS.

| | |
|---|---|
| DEBTOR: | ALAN S COLEMAN. |
| CERTIFICATE NO.: | 06132511687. |
| AMOUNT: | $2,568.12, AND ANY OTHER AMOUNTS DUE THEREUNDER. |

SALE ENDORSEMENT

Attached to Guarantee No. 2991475
Customer Reference No. 06-26067-CA/COLEMAN
Issued By

## *First American Title Insurance Company*
a corporation, herein called the Company

THE COMPANY HEREBY ASSURES THE ASSURED THAT, SUBSEQUENT TO MARCH 5, 2007, THE DATE OF THE GUARANTEE ISSUED UNDER THE ABOVE NUMBER, NO MATTERS ARE SHOWN BY THE PUBLIC RECORDS WHICH WOULD AFFECT THE ASSURANCES IN SAID GUARANTEE OTHER THAN THE FOLLOWING:

1. TAXES, BONDS AND ASSESSMENTS NOT EXAMINED. TAX AND BOND REPORT TO FOLLOW, IF REQUESTED.

2. A LIEN IN FAVOR OF THE STATE OF CALIFORNIA, EVIDENCED BY A CERTIFICATE ISSUED BY THE FRANCHISE TAX BOARD, RECORDED 2/9/07 AS INSTRUMENT NO. 2007-16772 OF OFFICIAL RECORDS.
DEBTOR:                   ALAN S COLEMAN
CERTIFICATE NO.:          07033999481.
AMOUNT:                   $4,672.08, AND ANY OTHER AMOUNTS DUE THEREUNDER.

NOTE 1: ADDITIONAL NOTICES SHOULD BE SENT TO:

**STATE OF CALIFORNIA**
**FRANCHISE TAX BOARD**
**SPECIAL PROCEDURES SECTION**
**PO BOX 2952**
**SACRAMENTO CA 95812-2952**

THE TOTAL LIABILITY OF THE COMPANY UNDER SAID GUARANTEE AND UNDER THIS ENDORSEMENT THERETO SHALL NOT EXCEED, IN THE AGGREGATE, THE AMOUNT STATED IN SAID GUARANTEE.

THIS ENDORSEMENT IS MADE A PART OF SAID GUARANTEE AND IS SUBJECT TO THE EXCLUSIONS FROM COVERAGE, THE LIMITS OF LIABILITY AND THE OTHER PROVISIONS OF THE CONDITIONS AND STIPULATIONS THEREIN, EXCEPT AS MODIFIED BY THE PROVISIONS HEREOF.

DATED: APRIL 23, 2007 AT 7:30 A. M.

## *First American Title Insurance Company*

**VANGIE ORTEGA**
**ASSISTANT SECRETARY and TSG TITLE OFFICER**
**PHONE:PH: 714 800 4694       FAX:FX: 714 800 4690**

Form 1284
CLTA Guarantee Form No. 2
Date-Down Endorsement (5-10-67)



SALE ENDORSEMENT

Attached to Guarantee No. 2991475
Customer Reference No. 06-26067-CA/COLEMAN
Issued By

## *First American Title Insurance Company*

a corporation, herein called the Company

THE COMPANY HEREBY ASSURES THE ASSURED THAT, SUBSEQUENT TO JANUARY 10, 2007, THE DATE OF THE GUARANTEE ISSUED UNDER THE ABOVE NUMBER, NO MATTERS ARE SHOWN BY THE PUBLIC RECORDS WHICH WOULD AFFECT THE ASSURANCES IN SAID GUARANTEE OTHER THAN THE FOLLOWING:

1. TAXES, BONDS AND ASSESSMENTS NOT EXAMINED.  TAX AND BOND REPORT TO FOLLOW, IF REQUESTED.

2. WE HEREBY ADD THE FOLLOWING TO ITEM NO. 9;

NOTE 1:  A NOTICE OF TRUSTEE'S SALE RECORDED 01/19/2007 AS INSTRUMENT NO. 2007 7503 OF OFFICIAL RECORDS.

THE TOTAL LIABILITY OF THE COMPANY UNDER SAID GUARANTEE AND UNDER THIS ENDORSEMENT THERETO SHALL NOT EXCEED, IN THE AGGREGATE, THE AMOUNT STATED IN SAID GUARANTEE.

THIS ENDORSEMENT IS MADE A PART OF SAID GUARANTEE AND IS SUBJECT TO THE EXCLUSIONS FROM COVERAGE, THE LIMITS OF LIABILITY AND THE OTHER PROVISIONS OF THE CONDITIONS AND STIPULATIONS THEREIN, EXCEPT AS MODIFIED BY THE PROVISIONS HEREOF.

DATED: MARCH 5, 2007 AT 7:30 A. M.

## *First American Title Insurance Company*

VANGIE ORTEGA
ASSISTANT SECRETARY and  TSG TITLE OFFICER
PHONE:PH: 714 800 4694          FAX:FX: 714 800 4690

Form 1284
CLTA Guarantee Form No. 2
Date-Down Endorsement (5-10-67)

PUBLICATION ENDORSEMENT

Attached to Guarantee No. 2991475
Customer Reference No. 06-26067-CA/COLEMAN
Issued By

## *First American Title Insurance Company*

a corporation, herein called the Company

THE COMPANY HEREBY ASSURES THE ASSURED THAT, SUBSEQUENT TO JUNE 1, 2006, THE DATE OF THE GUARANTEE ISSUED UNDER THE ABOVE NUMBER, NO MATTERS ARE SHOWN BY THE PUBLIC RECORDS WHICH WOULD AFFECT THE ASSURANCES IN SAID GUARANTEE OTHER THAN THE FOLLOWING:

1. TAXES, BONDS AND ASSESSMENTS NOT EXAMINED. TAX AND BOND REPORT TO FOLLOW, IF REQUESTED.

2. WE HEREBY ADD THE FOLLOWING TO ITEM NO. 9;

THE TERMS AND PROVISIONS CONTAINED IN THE DOCUMENT ENTITLED **"NOTICE OF RESCISSION OF DECLARATION OF DEFAULT AND DEMAND FOR SALE AND OF NOTICE OF BREACH AND ELECTION TO CAUSE SALE"** RECORDED 09/12/2006 AS INSTRUMENT NO. 2006-114923 OF OFFICIAL RECORDS.


THE TOTAL LIABILITY OF THE COMPANY UNDER SAID GUARANTEE AND UNDER THIS ENDORSEMENT THERETO SHALL NOT EXCEED, IN THE AGGREGATE, THE AMOUNT STATED IN SAID GUARANTEE.

THIS ENDORSEMENT IS MADE A PART OF SAID GUARANTEE AND IS SUBJECT TO THE EXCLUSIONS FROM COVERAGE, THE LIMITS OF LIABILITY AND THE OTHER PROVISIONS OF THE CONDITIONS AND STIPULATIONS THEREIN, EXCEPT AS MODIFIED BY THE PROVISIONS HEREOF.

DATED: JANUARY 18, 2007 AT 7:30 A. M.

## *First American Title Insurance Company*

VANGIE ORTEGA
ASSISTANT SECRETARY and  TSG TITLE OFFICER
PHONE:PH: 714 800 4694          FAX:FX: 714 800 4690

Form 1284
CLTA Guarantee Form No. 2
Date-Down Endorsement (5-10-67)



# ATTACHMENT 8

Internal Revenue Service
1301 Clay Street Suite 1400-S
Oakland, CA 94612-5210

Alan S. Coleman
7387 Junebug Lane
Vacaville, CA 95688

Friedman Financial
Post Office Box 533
Vineburg, CA 95487

Staci E. Coleman
7387 Junebug Lane
Vacaville, CA 95688

Elizabeth Cavoretto
C/O Leonard M. Tillem, Michael E. Mautner
846 Broadway, Ste. A
Sonoma, CA 95476

California Service Bureau, Inc.
C/O Dermott, Cutler & Mclaughlin
Post Office Box 2773
Santa Rosa, CA 95405

California Service Bureau, Inc.
C/O Dermott, Cutler & Mclaughlin
440 South E St.
Santa Rosa, CA 95405

California Service Bureau, Inc.
C/O Michael K. Sipes
3050 Fite Circle #107
Sacramento, CA 95827

State of California Franchise Tax Board
Lien Desk/Special Procedures Section
P. O. Box 2952
Sacramento, CA 95812-2952

# ATTACHMENT 11b

**ATTACHMENT 11b**

Petitioner alleges a potential conflict in the distribution of proceeds pursuant to Civil Code section 2924j(c).

Subsequent to a trustee's sale of real property, the proceeds from the sale must be distributed in accordance with Civil Code section 2924k. Pursuant to that statute any funds remaining after payment of the obligations secured by the deed of trust which is the subject of the trustee's sale are to be paid to satisfy any outstanding obligations secured by junior liens or encumbrances and then "to the trustor or the trustor's successor in interest. In the event the property is sold or transferred to another, to the vested owner of record at the time of the trustee's sale."

Petitioner conducted a Trustee's Sale of the real property located at 7387 Junebug Lane, Vacaville, CA 95688 ("Subject Property"). The sale took place on April 23, 2007, under a Deed of Trust dated February 14, 1997, executed by Alan S. Coleman as his sole and separate property. The Deed of Trust was recorded on February 21, 1997, as Instrument No. 1997-00010422, in the official records of Solano County, State of California. After the Trustee's Sale, a Trustee's Deed Upon Sale was recorded, a copy of which is attached hereto as **Exhibit A**. As of the time of the trustee's sale, title to the Subject Property was held by Alan S. Coleman and Staci E. Coleman, Husband and Wife, as joint tenants.

On May 4, 1998, Staci E. Coleman and Alan S. Coleman recorded a declaration of homestead in the official records of Solano County as instrument number 1998-00033143. (See Trustee's Sale Guarantee exemption ("TSGE") # 5)

As of the date of the Trustee's Sale, the following junior liens were recorded against the Subject Property:

1. An Abstract of Judgment in favor of California Service Bureau, against Staci Elizabeth Coleman and Alan Scott Coleman, in the original amount of $3,993.14, recorded on August 17, 2001, as Instrument No. 2001-00094472 in the official records of Solano County, State of California. (TSGE # 6)

2. A Tax Lien in favor of the United States of America, against Alan S. Coleman and Staci E. Francie, in the original amount of $20,090.82, recorded on May 8, 2003, as Instrument No. 200300074436 in the official records of Solano County, State of California. (TSGE # 7)

3. A Tax Lien in favor of the California Franchise Tax Board, against Alan S. Coleman, in the original amount of $17,199.48, recorded on May 21, 2003, as Instrument No. 200300082290 in the official records of Solano County, State of California. (TSGE # 8)



4.  An Abstract of Judgment in favor of California Service Bureau, Inc., against Staci Elizabeth Coleman and Alan Coleman, in the original amount of $9,692.24, recorded on September 2, 2003, as Instrument No. 200300147957 in the official records of Solano County, State of California. (TSGE # 9)

5.  A Tax Lien in favor of the California Franchise Tax Board, against Alan S. Coleman, in the original amount of $49,189.29, recorded on November 8, 2004, as Instrument No. 200400160297, in the official records of Solano County, State of California. (TSGE # 10)

6.  An Abstract of Judgment in favor of California Service Bureau, Inc., against Staci Coleman aka Staci Francis aka Staci Ford and Alan Coleman, in the original amount of $167,087.67, recorded on June 10, 2005, as Instrument No. 200500085757 in the official records of Solano County, State of California. (TSGE # 11)

7.  A Tax Lien in favor of the California Franchise Tax Board, against Alan S. Coleman, in the original amount of $2,568.12, recorded on May 24, 2006, as Instrument No. 200600065786, in the official records of Solano County, State of California. (TSGE # 12)

On or about June 1, 2007, Petitioner received a claim to the excess proceeds of the Trustee's Sale from California Service Bureau, Inc., by and through its attorney, Michael K. Sipes. A true and correct copy of the claim and the supporting documents are attached hereto as **Exhibit B**.

On or about June 14, 2007, Petitioner received a claim to the excess proceeds of the Trustee's Sale from the State of California Franchise Tax Board. A true and correct copy of the claim and the supporting documents are attached hereto as **Exhibit C**.

On or about July 11, 2007, Petitioner received a claim to the excess proceeds of the Trustee's Sale from Karen Bail Bonds, by and through its attorney, Kevin S. Elkenberry. A true and correct copy of the claim and the supporting documents are attached hereto as **Exhibit D**.

On or about August 2, 2007, Petitioner received a claim to the excess proceeds of the Trustee's Sale from the United States Internal Revenue Service. A true and correct copy of the claim and the supporting documents are attached hereto as **Exhibit E**.

On or about March 6, 2008, Petitioner received a claim to the excess proceeds of the Trustee's Sale from Staci E. Coleman. A true and correct copy of the claim and the supporting documents are attached hereto as **Exhibit F**.

Petitioner has not received a claim from Alan S. Coleman.

A conflict exists because Staci E. Coleman ("Staci") is disputing the claims made by the

California Service Bureau; California Franchise Tax Board; and the United States Internal Revenue Service. Staci asserts that these liens have been satisfied, but to date has provided no proof to support this claim despite assurances that she would. Furthermore, Karen's Bail Bonds asserts that its claim is entitled to payment, although their lien is not listed on the Trustee Sale Guarantee. Based on the foregoing, the Petitioner is unable to disburse the remaining surplus proceeds of the Trustee's Sale to the listed claimants, Trustor(s) and/or to the vested owner of record at the time of the Trustee's Sale. The Petitioner is unable to determine which party is entitled to the remaining surplus funds.

# EXHIBIT A

Recorded in Official Records, Solano County

5/02/2007
2:39 PM
AR49
22

**Marc C. Tonnesen**
Assessor/Recorder

WHEN RECORDED MAIL TO:

P  GREENPOINT LAND CO

Greenpoint · Land Company
5016 Lynn Brook Drive
Fairfield, CA 94534

Doc#: 200700051110

| | |
|---|---|
| Titles: 1 | Pages: 2 |
| Fees | 10.00 |
| Taxes | 485.10 |
| Other | 0.00 |
| PAID | $495.10 |

MAIL TAX STATEMENTS TO:
Same As Above

SPACE ABOVE THIS LINE FOR RECORDER'S USE

LOAN NUMBER: 0009452160

T.S. NO. 06-26067-CA

# TRUSTEE'S DEED UPON SALE

First T.D.

The undersigned grantor declares:
1) The grantee herein WAS NOT the foreclosing beneficiary.
2) The amount of the unpaid debt together with costs was:  $132,642.93
3) The amount paid by the grantee at the trustee sale was:  $440,900.00
4) The documentary transfer tax is:
5) Said property is in: the County of SOLANO

APN NO. 0105-140-060

and PREMIER TRUST DEED SERVICES INC., (herein called Trustee), as the duly appointed Trustee under the Deed of Trust hereinafter described, does hereby grant and convey, but without warranty, express or implied to

**GREENPOINT. · LAND COMPANY**

(herein called Grantee), all of its right, title and interest in and to that certain property situated in the County of SOLANO, State of California, and described as follows:

PARCEL "B OF 1", AS SHOWN ON THAT CERTAIN MAP ENTITLED, "PARCEL 1, P.M. BOOK 2, PAGE 94, LOTS 12-14 LOCKE PADDON COLONY NO. 5, SOLANO COUNTY, CALIFORNIA", FILED DECEMBER 1, 1969 IN BOOK 3 OF PARCEL MAPS, AT PAGE 66, SOLANO COUNTY RECORDS.

The street address and other common designation, if any, of the real property described above is purported to be: 7387 JUNEBUG LANE, VACAVILLE, CA, 95688

RECITALS:
This conveyance is made pursuant to the powers conferred upon Trustee by that certain Deed of Trust dated 02/14/1997, executed by ALAN S. COLEMAN, A MARRIED MAN AS HIS SOLE AND SEPARATE PROPERTY, as trustor, to secure certain obligations in favor of OPTION ONE MORTGAGE CORPORATION, A CALIFORNIA CORPORATION, as beneficiary, recorded 02/21/1997 as instrument number 1997-00010422 Official Records in the Office of the Recorder of Solano County, California, and after fulfillment of the conditions specified in said Deed of Trust authorizing this conveyance.

Default occurred as set forth in a Notice of Default and Election to Sell which was recorded in the office of the Recorder of said County.

TS No.: 06-26067-CA
Borrower: COLEMAN

All requirements of law regarding the mailing of copies of notices or the publication of a copy of the Notice of Default or the personal delivery of the copy of the Notice of Default and the posting and publication of copies of the Notice of Sale have been complied with.

Said property was sold by said Trustee at public auction on 04/23/2007 at the place named in the Notice of Sale, in the County of SOLANO, California, in which the property is situated. Grantee, being the highest bidder at such sale, became the purchaser of said property and paid therefore to said trustee the amount being $440,900.00 in lawful money of the United States, or by the satisfaction, of the obligations then secured by said Deed of Trust.

Date:  April 30, 2007

PREMIER TRUST DEED SERVICES, INC., A CALIFORNIA CORPORATION

BY: _____
Kim Thorne, Assistant Secretary

State of California)
County of Orange)

On April 30, 2007 before me, F. Martinez, Notary Public, personally appeared Kim Thorne personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same and his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature: _____ (seal)
Notary Public in and for said county and state



F. MARTINEZ
Commission # 1503462
Notary Public - California
Los Angeles County
My Comm. Expires Jul 25, 2008

END OF DOCUMENT

# Exhibit B



# MICHAEL K. SIPES
## ATTORNEY AT LAW
3050 FITE CIRCLE, SUITE 107
SACRAMENTO, CALIFORNIA 95827

TELEPHONE: (916) 230-0477                                                            FACSIMILE: (866) 244-3862

August 2, 2007

Stacy L. Klein
PITE DUNCAN LLP
P.O. Box 12289
El Cajon, CA 92022-2289

      Re:    Disbursement of Surplus Funds
            Property Address:  7387 Junbug Lane, Vacaville, CA 95688
            Trustee Sale No.  06-26067-CA
            Your File No.  000071-000118

Dear Stacy Klein:

On July 10, 2007 I submitted my client, California Service Bureau, Inc.'s claim relating to the disbursement of surplus funds from the trustee sale no. identified above.  Thereafter, I called you and you acknowledge receiving the claim and informed me that there would be funds available to pay the claim.  Neither my client nor I have received any further communication regarding this matter.

Please provide either me or my client with a status of their claim.  Thank you.

Sincerely,

LAW OFFICES OF MICHAEL K. SIPES

MICHAEL K SIPES
Attorney at Law

# MICHAEL K. SIPES
## ATTORNEY AT LAW
### 3050 FITE CIRCLE, SUITE 107
### SACRAMENTO, CALIFORNIA 95827



TELEPHONE: (916) 230-0477                                      FACSIMILE: (866) 244-3862

July 10, 2007

Stacy L. Klein
PITE DUNCAN LLP
P.O. Box 12289
El Cajon, CA 92022-2289

     Re:    Disbursement of Surplus Funds
            Property Address: 7387 Junbug Lane, Vacaville, CA 95688
            Trustee Sale No. 06-26067-CA
            Your File No. 000071-000118

Dear Stacy Klein:

I am the attorney for California Service Bureau, Inc. My client received your letter dated May 23, 2007 on July 9, 2007 by facsimile from your office. The purpose of this letter is to submit my client's claim to the surplus funds from the trustee's sale referenced above.

California Service Bureau, Inc.'s claim is as follows:

| Judgment Entered (Amount & Date) | Abstract Recorded (Date & Document No.) | Interest (Legal Rate 10%) (From Date of Judgment Through April 23, 2007) | Total |
|---|---|---|---|
| $3,933.14 (5/24/01) | 8/17/01: No. 200100094472 | $2,327.17 | $ 6,260.30 |
| $9,692.24 (7/22/03) | 9/2/03: No. 200300147957 | $3,637.91 | $ 13,330.15 |
| $167,087.67 (4/14/05) | 6/10/05: No. 200500085757 | $33,829.53 | $200,917.20 |

                                            **Total Claim   $220,507.65**

Please let me know if you need additional information. Otherwise, please contact Greg Harris at California Service Bureau, Inc. (916) 369-9850 Ext. 467 and let him know when the surplus funds will be distributed. Thank you for your courtesy in this regard.

Sincerely,

LAW OFFICES OF MICHAEL K. SIPES

MICHAEL K. SIPES
Attorney at Law



# Exhibit C

P. 02

JUN-01-2007 FRI 03:24 PM 408 817 8545



DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
Washington, DC 20224

SMALL BUSINESS / SELF-EMPLOYED DIVISION

55 SO. MARKET STREET
SAN JOSE, CALIFORNIA 95113
MAIL STOP# HQ-5410

JUNE 1, 2007

PITE DUNCAN, LLP
P.O. BOX 12289
EL CAJON, CA 92022-2289
ATTN: STACEY L. KLEIN

RE: NOTICE OF SURPLUS FUNDS FROM TRUSTEE SALE
    Case Name:    Alan S. Coleman
    Property Address:  7387 Junbug Lane, Vacaville, CA 95688
    Trustee Sale #    06-26067-CA

Dear Ms. Klein:

    This is in response to your letter dated May 23, 2007, requesting us to submit a claim against surplus proceeds due to Alan S. Coleman of 7387 Junbug Lane, Vacaville, CA 95688 from a trustee sale held on April 23, 2007.

    Enclosed is Form 10492, Notice of Federal Taxes Due, as our claim to the surplus proceeds. The interest and penalties are calculated to the date of sale, April 23, 2007.

    If you have any further questions, you may call me at (408) 817-6506.

                     Very truly yours,

                     Clarita N. Aspiras, Badge# 77-01102
                     Tax Examiner
                     Technical Services Advisory

Enclosure
    Form 10492

Internal Revenue Service
Special Procedures function
Central California District
P.O. Box 99 , stop EQ5420
San Jose, CA  95103

## Facsimile transmittal

To: *Stacey Klein*   Fax: *(619) 590-1385*
From: *Clerita Aspres*
*Technical Services*



Pages:   ONE of 3.

*Surplus Claim / Coleman*
*TS # 06-26067-CA*

☐ For Review   ☐ Please Comment   ☐ Please Reply   ☐ Please Recycle

CONFIDENTIALITY NOTE:  This facsimile transmission and the documents accompanying it may contain confidential information protected from unauthorized disclosure by the Internal Revenue Code (Title 26 U.S.C.) or the Privacy Act (5 U.S.C. Sect 552(a)). The information is intended only for the use of the individual(s) named above. If you are not the intended recipient, you are hereby notified that any unauthorized disclosure, copying, distributing, or the taking of action in reliance upon the contents of this information is strictly prohibited. If you have received this transmission in error, please immediately notify us by telephone to arrange for the return of the documents.

Notes:

CONFIDENTIAL

JUN-01-2007 FRI 03:24 PM 408 817 6545

P. 03

TOTAL P.03

| Form **10492** (Rev. January 2005) | Department of the Treasury — Internal Revenue Service **Notice of Federal Taxes Due** | Escrow or Docket number |
|---|---|---|

To (Name of Escrow Holder, Agent of Taxpayer, or Fiduciary)

**Amount due**
$ 27,057.49

PITE DUNCAN, LLP
Address (Number, Street, P.O. Box, City, State, ZIP code)

P.O. BOX 12289, EL CAJON, CA 92022-2289
You are hereby notified that there is now due, owing, and unpaid from —

Name of taxpayer ALAN S. COLEMAN

Address (Number, Street, P.O. Box, City, State, ZIP code)

2387 JUNE BUG LN

VACAVILLE, CA 95688-9311

to the United States of America, the sum of  Twenty Seven Thousand Fifty Seven and 49/100 Dollars  for Internal Revenue taxes secured by a lien pursuant to Internal Revenue Code (IRC) Sections 6321 and 6322, or the Estate Tax Lien arising under IRC Section 6324, from the date of each assessment.

| Kind of Tax and Period | Taxpayer EIN or SSN | Assessment Date | Unpaid Assessed Balance | Accrued Interest | Accrued Late Payment Penalty | TOTAL |
|---|---|---|---|---|---|---|
| 1040/199912 | -0780 | 12/23/2002 | $14,859.31 | $9,192.18 | $3,006.00 | $27,057.49 |
| COMPUTED | 04/23/2007 | | | | | |

| Date after which additional interest will be charged | ▶ | | Dated at SAN JOSE | | | this 1st day |
| Date after which applicable late payment penalty will be charged | ▶ | | of June | | , 20 07 | |

If a Notice of Federal Tax Lien(s) has been recorded, a Certificate of Release of Federal Tax Lien will be filed immediately only if payment is made in cash or by either a certified, cashier's, or treasurer's check. The check must be drawn on any bank or trust company incorporated under the laws of the United States, or of any state or possession of the United States. Payment also can be made by a United States postal, bank, express, or telegraph money order. If you pay by personal check, issuance of the certificate of release will be delayed until the bank honors the check.

Caution to Fiduciaries: For personal liability for failure to honor priority of debts due the United States, see sections 3466 and 3467 of the revised statutes (31 U.S.C. 191, 192).

Please make payment payable to the United States Treasury and send it to the Internal Revenue Service at the address below.

| By (Name) For: Frank McNulty | Title Technical Services Advisor | ID number | Telephone number (408 ) 817-6488 |
|---|---|---|---|
| Address (Number, Street, P.O. Box, City, State, ZIP code) INTERNAL REVENUE SERVICES TECHNICAL SERVICES 55 S. MARKET ST, MS #5410 SAN JOSE, CA 95113 | Signature | | |

Catalog No. 65710D          www.irs.gov          Form **10492** (Rev. 1-2005)



STATE OF CALIFORNIA
**FRANCHISE TAX BOARD**
COLLECTION ADVISORY TEAM, N  -340
PO BOX 2952
SACRAMENTO CA  95812-2952

Notice Date: 06/14/07

In Reply Refer To:624:CLN:COLEMAN

## CLAIM FOR EXCESS PROCEEDS

STACEY L. KLEIN
PITE DUNCAN, LLP
P O BOX 12289
EL CAJON CA  92022-2289

Reference Number   :  06-26067-CA
Taxpayer (s)          :  ALAN S. COLEMAN
FTB Account Number (s):█████-07

I, Scott Arnold, am the Supervisor of the Collection Advisory Team of the State of California, Franchise Tax Board and am authorized to execute this claim on behalf of said Board.

The Franchise Tax Board hereby claims any or all of the excess proceeds resulting from the trustee sale or tax defaulted sale on April 23, 2007.

The claim is based on the fact that the Franchise Tax Board was a party in interest in the property at the time of sale and the following proof is submitted to establish rights to the excess proceeds:

A Certificate of Tax Due and Delinquency reflecting the current tax indebtedness of Alan S. Coleman, Account Number █████ 07.

A perfected and enforceable state tax lien arose upon all real property of Alan S. Coleman pursuant to Revenue and Taxation Code Section 19221.

The amount of the claim for the Franchise Tax Board is $64,101.03 as of April 23, 2007.

I declare under penalty of perjury that the foregoing and attached supporting document is true and correct.

If you have any questions regarding this claim, contact Christie Norwood of this department at (916) 845-3126.

Scott Arnold, Supervisor
Collection Advisory Team

**State of California**

Franchise Tax Board

### Certificate of Tax Due and Delinquency

Filed Pursuant to Part 10.2, Division 2, Revenue and Taxation Code

State of California      )
                           )
County of Sacramento    )

The Franchise Tax Board certifies that:

The taxpayer is delinquent in payment of tax, penalties, and interest imposed upon the taxpayer under the provisions of the California Revenue and Taxation Code.

The name of the taxpayer, the last known address, and the amount of tax, penalties, and interest with reference to which the taxpayer is delinquent are as follows:

Alan S. Coleman
P O Box 5122
Vacaville, CA 95696

| Tax Year | Tax | Penalties | Interest | Costs | Payments | Total |
|---|---|---|---|---|---|---|
| 2000 | $ 9,961.00 | $4,980.50 | $6,181.28 | $119.00 | $ 0.00 | $21,241.78 |
| *2000 | $ 0.00 | $1,852.86 | $ 216.78 | $ 0.00 | $ 0.00 | $ 2,069.64 |
| 2001 | $ 8,812.00 | $4,406.00 | $3,955.12 | $108.00 | $764.24 | $16,516.88 |
| *2001 | $ 0.00 | $1,015.75 | $ 118.84 | $ 0.00 | $ 0.00 | $ 1,134.59 |
| 2002 | $10,127.00 | $5,063.50 | $3,540.69 | $119.00 | $ 0.00 | $18,850.19 |
| *2002 | $ 0.00 | $ 672.57 | $ 78.69 | $ 0.00 | $ 0.00 | $ 751.26 |
| 2003 | $ 1,502.00 | $ 751.00 | $ 387.02 | $101.00 | $ 0.00 | $ 2,741.02 |
| 2004 | $ 2,757.00 | $1,378.50 | $ 479.66 | $136.00 | $ 0.00 | $ 4,751.16 |
| **TOTAL** | **$33,159.00** | **$20,120.68** | **$14,958.08** | **$583.00** | **$764.24** | **$68,056.52** |

*Balance reflects the total liability not secured by a recorded state tax lien as of the date of this document.

Balance reflects the total liability as of the date of the sale April 23, 2007.

The following Certificate(s) of Amount of Tax, Penalties, and Interest Due have been filed as follows:

Cert No. 03129359990 recorded in Solano County on May 21, 2003 for the tax year 2000 under Instrument No. 200300082290.

Cert No. 04303350092 recorded in Solano County on November 8, 2004 for the tax years 2000, 2001, and 2002 under Instrument No. 200400160297.

Cert No. 06132511687 recorded in Solano County on May 24, 2006 for the tax year 2003 under Instrument No. 200600065786.

Cert No. 07033999481 recorded in Solano County on February 9, 2007 for the tax year 2004 under Instrument No. 200700016772.

The taxpayer is indebted to the State of California in the above amount; no part of the indebtedness has been paid and the whole thereof is now due, owing and unpaid from the taxpayer to the State of California; the Franchise Tax Board has fully complied with all provisions of the Revenue and Taxation Code relating to the computation and levy of tax, penalties, and interest.

IN WITNESS WHEREOF the Franchise Tax Board has caused this Certificate to be executed in its name and on its behalf and its seal to be affixed by the undersigned, thereunto duly authorized.

Dated         June 14, 2007
                 (Seal)

FRANCHISE TAX BOARD
of the State of California

BY...................................................
                 Christie Norwood, Advisor
                 (916) 845-3126



STATE OF CALIFORNIA

**FRANCHISE TAX BOARD**
COLLECTION ADVISORY TEAM, M/S A-340
P. O. BOX 2952
SACRAMENTO CA 95812-2952

June 14, 2007                          In reply refer to:624:CLN:Coleman


ATTN: STACEY L. KLEIN
PITE DUNCAN, LLP
P O BOX 12289
EL CAJON CA  92022-2289


Subject    :   ORDER TO WITHHOLD PERSONAL INCOME TAX
File No.    :   06-26067-CA


When the Franchise Tax Board receives a request for a claim to excess
proceeds and there is an unpaid balance for California Personal Income Tax
that is not secured by a recorded lien, this department may issue to the
trustee an ORDER TO WITHHOLD PERSONAL INCOME TAX.  Pursuant to Revenue and
Taxation Code 18670(a), this order attaches to all credits, personal
property or other things of value in your control belonging to Alan S.
Coleman. **This OTW is in addition and supplement to the Franchise Tax Board
Claim For Surplus Funds.**  When paying the Franchise Tax Board by check, it
is essential that the FTB account number appear on the check.  Referencing
any other number will delay the processing of the check.


If you have any questions regarding this claim, please contact the
undersigned,

Christie Norwood, Advisor
Collection Advisory Team
(916) 845-3126



STATE OF CALIFORNIA
FRANCHISE TAX BOARD
PO BOX 2952
SACRAMENTO CA 95812-2952
Telephone: (916) 845-3126

ORDER TO WITHHOLD
PERSONAL INCOME TAX
PART 1 – RETAIN FOR YOUR
RECORDS

Date: 06/14/07

| | |
|---|---|
| Case Number: | -07 |
| Account Number: | -07 |
| SSN: | -07 |

STACEY L. KLEIN
PITE DUNCAN, LLP
P O BOX 12289
EL CAJON CA 92022-2289

Tax Year(s):   2000 2001
2002

Taxpayer's Name and Address:

ALAN S COLEMAN
PO BOX 5122
VACAVILLE CA 95696

| AMOUNT DUE |
|---|
| **$3,955.49** |

We are issuing THIS ORDER TO WITHHOLD to enforce payment of an amount due for California Personal Income Tax. The taxpayer has not paid the amount due shown above.  (See reverse side for applicable sections of the California Revenue and Taxation Code.)

THIS ORDER ATTACHES TO ALL CREDITS, PERSONAL PROPERTY, OR OTHER THINGS OF VALUE IN YOUR POSSESSION OR UNDER YOUR CONTROL BELONGING TO THE TAXPAYER.  THIS INCLUDES, BUT IS NOT LIMITED TO, PAYMENTS DUE THE TAXPAYER AS A RESULT OF THE TRUSTEE SALE, FILE 06-26067-CA, ON APRIL 23, 2007.  THIS ORDER PERTAINS TO A LIABILITY NOT CLAIMED HEREIN.

YOU ARE REQUIRED TO WITHHOLD the lesser of (1) the amount due shown above, or (2) the amount in your possession or under your control belonging to the taxpayer at the time you received this Order.

IN COMPLYING WITH THIS ORDER, WE REQUEST THAT YOU:

1.  NOTIFY the taxpayer that you are withholding funds pursuant to this Order by delivering PART 3 to the taxpayer as soon as possible.

2.  RETAIN ANY FUNDS WITHHELD FOR 10 BUSINESS DAYS FROM THE DATE YOU RECEIVED THIS ORDER OR UNTIL THE DISTRIBUTION OF FUNDS HAVE BECOME FINAL, WHICHEVER IS LATER.  AT THE END OF THE HOLDING PERIOD, REMIT ANY FUNDS WITHHELD UNLESS YOU HAVE RECEIVED A RELEASE FROM THIS DEPARTMENT.  PLEASE INCLUDE A COPY OF THIS ORDER WITH YOUR REMITTANCE.

3.  COMPLETE the questionnaire on PART 2.  Please attach your remittance, if any, to that page and mail it to the Franchise Tax Board office shown at the top of this page (envelope enclosed).

4.  ADVISE any interested parties to present claims to the Franchise Tax Board.

5.  REFER to PART 2 if you possess or control any property other than cash, payments or credits belonging to the taxpayer.

00 ARCS (REV 12-2005)                    Page 1

EXCERPTS FROM CALIFORNIA REVENUE AND TAXATION CODE

## 18670.  NOTICE TO WITHHOLD, HOW SERVED

(a) The Franchise Tax Board may by notice, served personally or by first-class mail, require any employer, person, officer or department of the state, political subdivision or agency of the state, including the Regents of the University of California, a city organized under a freeholders' charter, or a political body not a subdivision or agency of the state, having in their possession, or under their control, any credits or other personal property or other things of value, belonging to a taxpayer or to an employer or person who has failed to withhold and transmit amounts due pursuant to this article, to withhold, from the credits or other personal property or other things of value, the amount of any tax, interest, or penalties due from the taxpayer or the amount of any liability incurred by that employer or person for failure to withhold and transmit amounts due from a taxpayer under this part and to transmit the amount withheld to the Franchise Tax Board at the times that it may designate.  However, in the case of a depository institution, as defined in Section 19(b) of the Federal Reserve Act (12 U.S.C.A. Sec. 461(b)(1) (A)), amounts due from a taxpayer under this part shall be transmitted to the Franchise Tax Board not less than 10 business days from receipt of the notice.  To be effective, the notice shall state the amount due from the taxpayer and shall be delivered or mailed to the branch or office reported in information returns filed with the Franchise Tax Board, or the branch or office where the credits or other property is held, unless another branch or office is designated by the employer, person, officer or department of the state, political subdivision or agency of the state, including the Regents of the University of California, a city organized under a freeholders' charter or a political body not a subdivision or agency of the state.

(b) (1) At least 45 days before sending a notice to withhold to the address indicated on the information return, the Franchise Tax Board shall request a depository institution to do either of the following:

(A) Verify that the address on its information return is its designated address for receiving notices to withhold.

(B) Provide the Franchise Tax Board with a designated address for receiving notices to withhold.

(2) Once the depository institution has specified a designated address pursuant to paragraph (1), the Franchise Tax Board shall send all notices to that address unless the depository institution provides notification of another address.  The Franchise Tax Board shall send all notices to withhold to a new designated address 30 days after notification.

(3) Failure to verify or provide a designated address within 30 days of receiving the request shall be deemed verification of the address on the information return as the depository institution's designated address.

(c) Any corporation or person failing to withhold the amounts due from any taxpayer and transmit them to the Franchise Tax Board after service of the notice shall be liable for those amounts.  However, in the case of a depository institution, if a notice to withhold is mailed to the branch where the account is located or principal banking office, the depository institution shall be liable for a failure to withhold only to the extent that the accounts can be identified in information normally maintained at that location in the ordinary course of business.


## 18672.  FAILURE TO WITHHOLD, LIABILITY

Any employer or person failing to withhold the amount due from any taxpayer and to transmit the same to the Franchise Tax Board after service of a notice pursuant to Section 18670 is liable for such amounts.


## 18674.  WITHHOLD AGENT, MUST PAY WITHOUT RESORTING TO ACTION

(a)  Any employer or person required to withhold and transmit any amount pursuant to this article shall comply with the requirement without resort to any legal or equitable action in a court of law or equity.  Any employer or person paying to the Franchise Tax Board any amount required by it to be withheld is not liable therefor to the person from whom withheld unless the amount withheld is refunded to the withholding agent. However, if a depository institution, as defined in 12 U.S.C. Sec. 461(b)(1)(A) withholds and pays to the Franchise Tax Board pursuant to this article any moneys held in a deposit account in which the delinquent taxpayer and another person or persons have an interest, or in an account held in the name of a third party or parties in which the delinquent taxpayer is ultimately determined to have no interest, the depository institution paying those moneys to the Franchise Tax Board is not liable therefor to any of the persons who have an interest in the account, unless the amount withheld is refunded to the withholding agent.

(b) In the case of a deposit account or accounts for which this notice to withhold applies, the depository institution shall send a notice by first-class mail to each person named on the account or accounts included in the notice from the Franchise Tax Board, provided that a current address for each person is available to the institution.  This notice shall inform each person as to the reason for the hold placed on the account or accounts, the amount subject to being withheld, and the date by which this amount is to be remitted to the Franchise Tax Board.  An institution may assess the account or accounts of each person receiving this notice a reasonable service charge not to exceed three dollars ($3).

STATE OF CALIFORNIA
FRANCHISE TAX BOARD
PO BOX 2952
SACRAMENTO CA 95812-2952
Telephone: (916) 845-3126

OF ... O WITHHOLD

PART 2 – RETURN WITH PAYMENT

Date: 06/14/07

STACEY L. KLEIN
PITE DUNCAN, LLP
P O BOX 12289
EL CAJON CA  92022-2289

| | |
|---|---|
| Case Number: | 07 |
| Account Number: | 07 |
| SSN: | 07 |

Tax Year(s):  2000 2001
2002

Taxpayer's Name and Address:

ALAN S COLEMAN
PO BOX 5122
VACAVILLE CA  95696

| AMOUNT DUE |
|---|
| **$3,955.49** |

---

## PLEASE COMPLETE THE QUESTIONNAIRE BELOW.

A.   ☐ Payment of $ _____ is attached.

Payment is not attached because (check one):

B.   ☐ Account closed

C.   ☐ Unable to locate account

D.   ☐ No funds/nothing to report

E.   ☐ Other (Please attach explanation.)

**NOTICE:**

If you possess or control any property other than cash or credits belonging to the taxpayer, (1) do NOT convert such property to cash as a result of this Order, but provide us with a description of the property under your control and hold the property until you receive a release from this department.  (2) If such property is sold for other reasons, remit the cash proceeds to this department.

Property other than cash may include, but is not limited to, stocks, bonds, stock options, stock rights, contents of safe deposit boxes, etc.

Contact this office at the address shown above if you are not sure how to proceed in special or unusual circumstances.

00 ARCS (REV 12-2005)                    Page 3



FRANCHISE TAX BOARD
PO BOX 2952
SACRAMENTO CA 95812-2952
Telephone: (916) 845-3126

PERSONAL INCOME TAX

**PART 3 – FURNISH TO TAXPAYER**

Date: 06/14/07

STACEY L. KLEIN
PITE DUNCAN, LLP
P O BOX 12289
EL CAJON CA 92022-2289

Tax Year(s):    2000 2001
                2002

Taxpayer's Name and Address:

ALAN S COLEMAN
PO BOX 5122
VACAVILLE CA 95696

| AMOUNT DUE |
|---|
| $3,955.49 |

The Franchise Tax Board has issued an ORDER TO WITHHOLD to the addressee, shown above, under authorization of Section 18670 of the California Revenue and Taxation Code, to enforce payment of an amount due for California Personal Income Tax.

The addressee has been instructed to deduct and withhold the amount due, shown above, from any credits or payments of any nature due, owing, and unpaid to you. Such credits and payments include, but are not limited to, deposits in financial institutions, declared dividends, rents, royalties, deposits in vacation or holiday trust funds, Individual Retirement Accounts, Keogh Accounts, and other personal property in the possession of or controlled by the addressee.

The amount withheld by the addressee will be paid to the Franchise Tax Board and applied to your account for the tax years noted above. You should determine the amount withheld by the addressee and, if it is less than the amount due, you should forward payment of the remaining unpaid balance immediately to avoid further collection action. Please make your check or money order payable to the FRANCHISE TAX BOARD, attach it to this notice, and mail it to the Franchise Tax Board address shown at the top of this page.

## SPECIAL INFORMATION CONCERNING TAXPAYER RIGHTS

If we levy upon your bank account in error, we can reimburse you for bank charges incurred as a result of our error. To receive reimbursement, you must write to us within 90 days from the date of the levy.

If immediate full payment of the amount due will create an undue hardship, or if you have already paid the amount due, or if the amount is not due, contact us immediately. Please telephone the number shown at the top of this form for account information. You should have this notice with you when you call.

The Franchise Tax Board has a Taxpayer Advocate who reviews those cases when taxpayers have been unable to resolve their problems with the Franchise Tax Board through normal channels. To contact the Taxpayer Advocate, write to: Taxpayer Advocate Bureau, PO Box 157, Rancho Cordova CA 95741-0157. FAX (916) 845-6614. You may also email the Advocate at http://www.ftb.ca.gov.

## 18670. NOTICE TO WITHHOLD, HOW SERVED

(a) The Franchise Tax Board may by notice, served personally or by first-class mail, require any employer, person, officer or department of the state, political subdivision or agency of the state, including the Regents of the University of California, a city organized under a freeholders' charter, or a political body not a subdivision or agency of the state, having in their possession, or under their control, any credits or other personal property or other things of value, belonging to a taxpayer or to an employer or person who has failed to withhold and transmit amounts due pursuant to this article, to withhold, from the credits or other personal property or other things of value, the amount of any tax, interest, or penalties due from the taxpayer or the amount of any liability incurred by that employer or person for failure to withhold and transmit amounts due from a taxpayer under this part and to transmit the amount withheld to the Franchise Tax Board at the times that it may designate. However, in the case of a depository institution, as defined in Section 19(b) of the Federal Reserve Act (12 U.S.C.A. Sec. 461(b)(1) (A)), amounts due from a taxpayer under this part shall be transmitted to the Franchise Tax Board not less than 10 business days from receipt of the notice. To be effective, the notice shall state the amount due from the taxpayer and shall be delivered or mailed to the branch or office reported in information returns filed with the Franchise Tax Board, or the branch or office where the credits or other property is held, unless another branch or office is designated by the employer, person, officer or department of the state, political subdivision or agency of the state, including the Regents of the University of California, a city organized under a freeholders' charter or a political body not a subdivision or agency of the state.

(b) (1) At least 45 days before sending a notice to withhold to the address indicated on the information return, the Franchise Tax Board shall request a depository institution to do either of the following:

(A) Verify that the address on its information return is its designated address for receiving notices to withhold.

(B) Provide the Franchise Tax Board with a designated address for receiving notices to withhold.

(2) Once the depository institution has specified a designated address pursuant to paragraph (1), the Franchise Tax Board shall send all notices to that address unless the depository institution provides notification of another address. The Franchise Tax Board shall send all notices to withhold to a new designated address 30 days after notification.

(3) Failure to verify or provide a designated address within 30 days of receiving the request shall be deemed verification of the address on the information return as the depository institution's designated address.

(c) Any corporation or person failing to withhold the amounts due from any taxpayer and transmit them to the Franchise Tax Board after service of the notice shall be liable for those amounts. However, in the case of a depository institution, if a notice to withhold is mailed to the branch where the account is located or principal banking office, the depository institution shall be liable for a failure to withhold only to the extent that the accounts can be identified in information normally maintained at that location in the ordinary course of business.


## 18672. FAILURE TO WITHHOLD, LIABILITY

Any employer or person failing to withhold the amount due from any taxpayer and to transmit the same to the Franchise Tax Board after service of a notice pursuant to Section 18670 is liable for such amounts.


## 18674. WITHHOLD AGENT, MUST PAY WITHOUT RESORTING TO ACTION

(a) Any employer or person required to withhold and transmit any amount pursuant to this article shall comply with the requirement without resort to any legal or equitable action in a court of law or equity. Any employer or person paying to the Franchise Tax Board any amount required by it to be withheld is not liable therefor to the person from whom withheld unless the amount withheld is refunded to the withholding agent. However, if a depository institution, as defined in 12 U.S.C. Sec. 461(b)(1)(A) withholds and pays to the Franchise Tax Board pursuant to this article any moneys held in a deposit account in which the delinquent taxpayer and another person or persons have an interest, or in an account held in the name of a third party or parties in which the delinquent taxpayer is ultimately determined to have no interest, the depository institution paying those moneys to the Franchise Tax Board is not liable therefor to any of the persons who have an interest in the account, unless the amount withheld is refunded to the withholding agent.

(b) In the case of a deposit account or accounts for which this notice to withhold applies, the depository institution shall send a notice by first-class mail to each person named on the account or accounts included in the notice from the Franchise Tax Board, provided that a current address for each person is available to the institution. This notice shall inform each person as to the reason for the hold placed on the account or accounts, the amount subject to being withheld, and the date by which this amount is to be remitted to the Franchise Tax Board. An institution may assess the account or accounts of each person receiving this notice a reasonable service charge not to exceed three dollars ($3).

# Exhibit D

1470 Maria Lane
Suite 440
Walnut Creek, Cal. 94956
(925) 933-2161
(925) 933-2673 fax

**LAW OFFICE OF
KEVIN S.
EIKENBERRY**

# Fax

| To: | Stacey Kline | From: | Kevin S. Eikenberry, Esq. |
|---|---|---|---|
| Fax: | (619) 590-13~~85~~ | Pages: | |
| Phone: | | Date: | 7/11/2007 |
| Re: | 7387 Junebug Lane, Vacaville | CC: | |

**Urgent**    **For Review**    ☐ **Please Comment**    ☐ **Please Reply**    ☐ **Please Recycle**

● **Comments:** I understand that you and your office are handing the disbursement of surplus monies (about $300,000.00) resulting from a trustee's sale of the above property. Enclosed find a copy of the first page of the recorded trustee's deed. I am sending you this letter at the request of Karen's Bail Bonds. Enclosed find a copy of a bail bond deed of trust executed on 1-20-2007 by Alan Coleman against the above property in favor of Banker's Insurance Company (via Karen's Bail Bonds). For some reason the enclosed deed of trust was not recorded until 7-3-2007, a date after the trustee's sale of the property. However, as between the trustor (Alan Coleman) and the beneficiary under the deed of trust, the deed of trust is effective to create a lien in the property, even if it is not recorded. The recording of the deed of trust would perfect same against other claimants to the property (i.e. a judgment or tax lien). Even though the deed of trust was not recorded before the trustee's sale, the deed of trust attaches to the foreclosure surplus and the surplus should be paid to satisfy the debt secured by the deed of trust prior to the surplus being paid to Mr. Coleman. This fax will place you and your office and your client on notice of the enclosed deed of trust and of the claim for payment from the surplus of the monies secured by the deed of trust. Do not payout the surplus to Mr. Coleman. Please contact me and advise me of the status of the surplus. If it has previously been paid to Mr. Coleman, please provide me with his address and phone number. I look forward to talking to you.

WHEN RECORDED MAIL TO:

Greenpoint · Land Company
8018 Lynn Brook Drive
Fairfield, CA 94534

MAIL TAX STATEMENTS TO:
Same As Above

T.S. NO. 06-36897-CA

Recorded in Official Records, Solano County
Marc C. Tonnesen
Assessor/Recorder

P GREENPOINT LAND CO

| | Title: 1 | Pages 3 |
|---|---|---|
| | Fees | 10.00 |
| | Taxes | 485.10 |
| | Other | 0.00 |
| | PAID | $495.10 |

SPACE ABOVE THIS LINE FOR RECORDER'S USE
LOAN NUMBER: 0006492195

## TRUSTEE'S DEED UPON SALE

Fuss T.D.

The undersigned grantor declares:
1) The grantee herein WAS NOT the foreclosing beneficiary.
2) The amount of the unpaid debt together with costs was: $133,645.95
3) The amount paid by the grantee at the trustee sale was: $440,900.00
4) The documentary transfer tax is:
5) Said property is in: the County of SOLANO

APN NO. 0105-149-080

and PREMIER TRUST DEED SERVICES INC., (herein called Trustee) as the duly appointed Trustee under the Deed of Trust hereinafter described, does hereby grant and convey, but without warranty, express or implied to

GREENPOINT · LAND COMPANY

(herein called Grantee), all of its right, title and interest in and to that certain property situated in the County of SOLANO, State of California, and described as follows:

PARCEL "B OF 1", AS SHOWN ON THAT CERTAIN MAP ENTITLED, "PARCEL 1, P.M. BOOK 3, PAGE 94, LOTS 13-14 LOOKE FASOOM COLONY NO. 8, SOLANO COUNTY, CALIFORNIA", FILED DECEMBER 1, 1999 IN BOOK 3 OF PARCEL MAPS, AT PAGE 95; SOLANO COUNTY RECORDS.

The street address and other common designation, if any, of the real property described above is purported to be: 7357 JUNEBUG LANE, VACAVILLE, CA 95688

RECITALS:
This conveyance is made pursuant to the powers conferred upon Trustee by that certain Deed of Trust dated 02/14/1997, executed by ALAN S. COLEMAN, A MARRIED MAN AS HIS SOLE AND SEPARATE PROPERTY, as trustor, to secure certain obligations in favor of OPTION ONE MORTGAGE CORPORATION, A CALIFORNIA CORPORATION, as beneficiary, recorded 02/21/1997 as instrument number 1997-00010432 Official Records in the Office of the Recorder of Solano County, California, and after fulfillment of the conditions specified in said Deed of Trust authorizing this conveyance.

Default occurred as set forth in a Notice of Default and Election to Sell which was recorded in the office of the Recorder of said County.

**TRUST DEED AND NOTE SECURING BAIL BOND**

NO. 5370365269    DEFENDANT Francis, Staci

**ORIGINAL PROMISSORY NOTE SECURED BY DEED OF TRUST**

$ 23,333    FOR Fairfield    State CA

Twenty three thousand three hundred thirty three

BENEFICIARY: KEVIN EIKENBERRY, VICE PRESIDENT    TRUSTEE:

This Deed of Trust, made this (1-30-07) 30TH day of January    2007

Alan Coleman

whose address is 7387 Junebug Ln  Vacaville    CA    95688

KEVIN EIKENBERRY, VICE PRESIDENT

TRUST WITH POWER OF SALE, all of that property in Solano County

Property at: 7387 Junebug Ln. Vacaville, CA. 95688
Legal Description: SUB BK 46 3-46 LOT 13
APN: 0105-140-060

FOR THE PURPOSE OF SECURING    $ 23,333.

ALAN S COLEMAN    NAME PRINTED OR TYPED

STATE OF _____ }
COUNTY OF _____ } SS.
On _____

State of California )
County of _Contra Costa_ )

**CALIFORNIA ALL-PURPOSE CERTIFICATE OF ACKNOWLEDGMENT**

On ___1/30/07___ before me, __Terry Edwards - Notary__
(Here insert name and title of the officer)

personally appeared __Alan S. Coleman__ ,

_____ ,

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____

(Seal)

TERRY L. EDWARDS

---

**OPTIONAL INFORMATION**

Although this information in this section is not required by law, it could prevent fraudulent removal and reattachment of this acknowledgment to an unauthorized document and may prove useful to persons relying on the attached document.

**Description of Attached Document**

The preceding Certificate of Acknowledgment is attached to a document titled/for the purpose of __Trust Deed And note__

containing ___1___ pages, and dated __1/30/07___

The signer(s) capacity or authority is/are as:
☐ Individual(s)
☐ Attorney-in-fact
☐ Corporate Officer(s) _____
                          (Title)
☐ Guardian/Conservator
☐ Partner - Limited/General
☐ Trustee(s) _____
                (Title)
☐ Other: _____

representing: _____
(Name(s) of Person(s) or Entity(ies) Signer is Representing)

**Method of Signer Identification**
☐ Personally known to me
☐ Proved to me on the basis of satisfactory evidence:
  ☐ form(s) of identification  ☐ credible witness(es)
Identification is detailed in notary journal on:
  Page #_____  Entry #_____
Notary contact: _____
Other
☐ Additional Signer(s)  ☐ Signer(s) Thumbprint(s)
☐ _____

//END OF DOCUMENT//

© Copyright 2005 Notary Rotary, Inc. 723 2965 E., Des Moines, IA 50312-3612  Form ACK03  10/05.  To re-order, call 800-Rotary "877-4809-491) or visit us on the web at http://www.notaryrotary.com

## JRETY BAIL BOND INDEMNITY AGRE    NT

### Bankers Insurance Company

The undersigned, called "First Party", make application to **Karens Bail Bonds** called

"Second Party," for the execution by Bankers Insurance Company, a corporation called "Surety" of a Bail undertaking herein referred to

as "Bail Bond" in the penal amount of $ **23,333** for **Francis, Staci** called

"Principal," and in consideration of Second Party arranging for execution or continuance of this Bail Bond, First Party does jointly and severally agree as follows:

FIRST: To pay Second Party $ **2,333.30** per annum for the Bail Bond. The premium is fully earned upon the release of Principal. The fact that Defendant may have been improperly arrested, or his bail reduced or his case dismissed, shall not obligate the return of any portion of said premium. This Bond is renewable each year. First Party agrees to pay to Second Party a renewal premium in the amount stated above, twelve months after the date on which this Bond was executed. If said renewal premium is not paid upon written demand therefore, Second Party or Surety has the right to surrender Principal, as provided in the California Penal Code, Section 1300, and exonerate the Bond.

SECOND: To reimburse Second Party and Surety for actual expenses incurred by Second Party or Surety in connection with the arranging and/or execution of Bail Bond or any renewal or substitution thereof whether or not said Principal refuses to be released after arrangements have been intiated by Second Party, in accordance with the regulations of the Insurance Commissioner in effect at the time such expenses are incurred.

THIRD: To reimburse Second Party and Surety for actual expenses incurred and caused by a breach by the Principal of any of the terms for which the application and Bail Bond were written net in excess of the penal amount of the Bail Bond including all expenses or liabilities incurred as a result of searching for, recapturing or returning Principal to custody, incurred by Second Party or Surety or as necessary in apprehending or endeavoring to apprehend Principal, including legal fees incurred by Second Party or Surety in making application to a court for an order to vacate or to set aside the order of forfeiture or Summary Judgment entered thereon. However, no expenses or liabilities incurred for recapturing or returning Principal to custody shall be chargeable after the entry of Summary Judgment.

FOURTH: To pay the Second Party or Surety, in the event that it is necessary for them to institute suit for a breach of this agreement, a reasonable attorney's fee which shall, in no event, be less than sum of twenty-five dollars ($25.00).

FIFTH: To pay Second Party or Surety as collateral upon demand, the penal amount of Bail Bond whenever Second Party or Surety, as a result of information concealed or misrepresented by the First Party or Principal or other reasonable cause, anyone of which was material to hazard assumed, deems payment necessary to protect the Second Party or Surety hereunder. Where, as a result of judicial action, bail has been increased, and no collateral or insufficient collateral, in the sole discretion of Second Party or Surety, is furnished to indemnify against such increase in the bail, Second Party or Surety may demand such collateral as will indemnify them against such increased bail.

SIXTH: To pay Second Party or Surety immediately upon demand after entry of Summary Judgment, pursuant to California Penal Code, Section 1306.

SEVENTH: To aid Second Party or Surety in securing release or exoneration of Principal from all liability under Bail Bond, including the surrender of Principal to Court should Second Party or Surety deem such action advisable.

EIGHTH: That all money or other property which the First Party has deposited or may deposit with the Second Party or the Surety may be applied as collateral security or indemnity for matters contained herein, and to accomplish the purposes contained herein, the Second Party and/or Surety is authorized to levy upon said collateral in the manner provided by law and to apply the proceeds therefrom and any and all money deposited to payment or reimbursement for the herein above liabilities, losses, costs, damages and expenses. If collateral received by Second Party is in excess of the bail forfeited, such excess shall be returned to the depositor immediately upon the application of the collateral to the forfeiture, subject to any claim of Second Party and Surety for unpaid Premium or the hereinabove charges.

NINTH: Second Party or Surety shall not surrender Principal to custody prior to the time specified in the Bail Bond for the appearance of the Principal, or prior to any occasion when the presence of the Principal in Court is lawfully required, without returning all premium paid therefore, unless as a result of judicial action, information concealed or misrepresented by the Principal, or other reasonable cause, anyone of which was material to the hazard assumed, the hazard was substantially increased and the additional premium, if any, for such increased hazard was not paid within a reasonable time.

TENTH: The obligations hereunder are joint and several and any amounts due shall bear interest at the maximum rate of interest allowed by law. The Second Party and the Surety shall not be first obliged to proceed against the Principal on Bail Bond before having recourse against the First Party or anyone of them. The First Party hereby expressly waiving the benefits of law requiring the Second Party or the Surety to make claim upon or to proceed or enforce its remedies against the Principal before making demand upon or proceeding and/or enforcing its remedies against anyone or more of the First Party.

ELEVENTH: In making application for Bail Bond, each of us warrants all statements made by him or her on the application to be true, and we agree to advise Second Party or Surety of any change, including but not limited to change of address or employment of either the Principal of any of the First Party, or any other material change in circumstances, within forty-eight (48) hours after knowledge such change shall have occurred, and the First Party agrees that any failure to so notify shall be reasonable cause for the immediate surrender of the Principal.

TWELFTH: The undersigned agree that these obligations apply to all other Bail Bonds executed for the same charge for which the above mentioned Bail Bond was executed, or any charge arising out of the same transaction, regardless of whether said Bail Bond is filed before or after conviction, but not in a greater amount.

IN WITNESS WHEREOF, the First Party whose names are authorized to this Bail Agreement executed herewith each represent. I have read the Bail Agreement and I know the contents thereof; that I hereby acknowledge receipt of a copy of said Bail Agreement, that I am the true and lawful owner of the property, whether real or personal, which I set forth in the Application for Bail (which Application is made a part hereof by reference as though herein fully set forth) is my property and that said such property free and clear of all liens or encumbrances except as so noted, and I further promise not to transfer or encumber any of said property until my liability on said Bail Agreement has been released. I understand the Second Party and/or Surety is permitting the said bail to remain in force upon reliance of the statements made by me and I do hereby

this **20TH** day of **January**, **2007** set my hand.

| | | | |
|---|---|---|---|
| Defendant | | | |
| Signature _____ | | Home Phone _____ | Work Phone _____ |
| Name _____ | Address _____ | City _____ | Zip ___ |
| Employer _____ | Address _____ | City _____ | Zip ___ |
| DMV I.D. _____ | S.S. no _____ | Date of Birth _____ | |



**Bankers Insurance Company**

DISCLOSURE STATEMENT

Bail Agency: Kareas Bail Bonds
Bond Number: 5270365269
Bond Amount: 23,333
Defendant: Francis, Staci

ATTENTION

### DISCLOSURE OF LIEN AGAINST REAL PROPERTY.
### DO NOT SIGN THIS DOCUMENT UNTIL YOU READ AND UNDERSTAND IT!

THIS BAIL BOND WILL BE SECURED BY REAL PROPERTY YOU OWN OR IN WHICH YOU HAVE AN INTEREST. THE FAILURE TO PAY THE BAIL BOND PREMIUMS WHEN DUE OR THE FAILURE OF THE DEFENDANT TO COMPLY WITH THE CONDITIONS OF BAIL COULD RESULT IN THE LOSS OF YOUR PROPERTY!

After you have read the above Disclosure Statement and received a completed copy of the Bail Bond Agreement and the Deed of Trust, please execute this Disclosure Statement in the space provided below, acknowledging that you have read and understood this Disclosure Statement and that you have received a completed copy of the Bail Bond Agreement and Deed of Trust. You are also responsible for any fees incurred by the Surety, as specified in the Bail Bond Agreement you signed, and any lien against your property will not be released until such fees are paid. You will be asked to execute this document again, in the corresponding space provided below, upon delivery to you of a full reconveyance of title, which, upon recordation terminates the lien on your real property created by the Deed of Trust.

I HAVE READ AND UNDERSTOOD THE ABOVE DISCLOSURE STATEMENT AND HAVE RECEIVED A COMPLETED COPY OF THE BAIL BOND AGREEMENT AND DEED OF TRUST.

Print Name: ALAN S COLEMAN     Print Name:
Sign Name:                     Sign Name:
Date: 1/20/07                  Date:

I HAVE RECEIVED A COPY OF A FULL RECONVEYANCE OF TITLE, THE ORIGINAL OF WHICH WAS FORWARDED TO THE COUNTY RECORDER FOR FILING, A CERTIFICATE OF DISCHARGE, OR A FULL RELEASE OF ANY LIEN AGAINST REAL PROPERTY TO SECURE PERFORMANCE OF THE CONDITIONS OF THE BAIL BOND.

Print Name:                    Print Name:
Sign Name:                     Sign Name:
Date:                          Date:

BSS-2 (12/94)

**\*\*ATTENTION: STACY**

From: Karen Long
KAREN'S BAIL BONDS

912 Court Street
Martinez, Ca 94553

Date Sent: JULY 10th, 2007
Number of Pages: 6
Phone: 925-228-2803
*Fax: 925-370-8609

Regarding : Excess Funds on Property
Property: 7387 June Bug Lane, Vacaville, CA

MESSAGE: Please review documents I am faxing, on above mentioned property.

Thank you very much,

*Karen Long*

Karen Long
Karen's Bail Bonds

JUL-10-2007 TUE 11:17 AM 9253708609                                    P. 01

# Karen's Bail Bonds
## 912 Court St.
## Martinez, CA 94553
## 925-228-2803

July 10, 2007

Pite Dunkin & Melmet

**ATTENTION: STACY**
*Regarding: CLAIM FOR EXCESS FUNDS ON PROPERTY
*Property Address: 7387 June Bug Lane, Vacaville, CA

We are asking for an amount of $23,333.00 to hold as collateral on the bail of Staci Francis (AKA: Staci Coleman). Also an amount of $3,499.95 is owed for the services of the Fugitive Recovery Agent, who has been trying to locate Mrs. Coleman.
Mr. Coleman signed a Deed of Trust on above mentioned property.
Mrs. Coleman had failed to appear at her scheduled Court Appearance, thereby leaving a liability of the bail amount of $23,333.00. This amount will be refunded to the Coleman's providing she returns to Court and takes care of her Court Case.
She has missed court dates and we are very uncomfortable with things the way they are at this time. Mrs. Coleman has proven herself to be untrustworthy and unreliable. We do have a property as collateral that was signed by Mr. Coleman on Jan. 20th, 2007.

Please make checks payable to: Karen's Bail Bonds
                    And mail to: 912 Court Street, Martinez, CA 94553

We appreciate your understanding and cooperation in this matter.

Sincerely,

*Karen Long*

Karen Long
Karen Long Bail Bonds

KARENS BAIL BONDS
RECORDING REQUESTED BY
Martinez, CA 94553
(925) 228-9337
Lic # BA 1640398

KARENS BAIL BONDS
P.O. Box 448
Martinez, CA 94553
AND WHEN RECORDED MAIL TO
Lic # BA 1640398

Recorded in Official Records, Solano County
Marc C. Tonnesen
Assessor/Recorder
7/05/2007
2:10 PM
AR22
07

F KARENS BAIL BONDS

Doc#: 200700074406

| | Trnx | 1 | Pages: | 3 |
| --- | --- | --- | --- | --- |
| | | | Fees | 24.00 |
| | | | Taxes | 0.00 |
| | | | Other | 0.00 |
| | | | PAID | $24.00 |

## TRUST DEED AND NOTE SECURING BAIL BOND

NO. 5270365269          DEFENDANT Francis, Staci

### ORIGINAL PROMISSORY NOTE SECURED BY DEED OF TRUST

$ 23,333          (City) Fairfield          (State) CA

ON DEMAND after date for value received, I promise to pay to the order of BANKERS INSURANCE COMPANY the sum of

Twenty three thousand three hundred thirty three

BRIAN KENNECK, VICE PRESIDENT          Trustee

This Deed of Trust, made this (1-20-07) 20TH day of January          2007 be-
tween

Alan Coleman          herein called TRUSTOR,

whose address is 7387 Junebug In   Vacaville   CA   95688
NUMBER AND STREET          CITY          STATE          ZIP CODE

and   BRIAN KENNECK, VICE PRESIDENT
herein called TRUSTEE, and BANKERS INSURANCE COMPANY, herein called Beneficiary. Witnesseth that TRUSTOR, hereby GRANTS TO TRUSTEE, IN
TRUST WITH POWER OF SALE, all of that property in   Solano County

Property ct: 7387 Junebug In Vacaville, CA. 95688
Legal Description: SUB BK-PG 3-86 LOT 18
APN: 0105-140-060

FOR THE PURPOSE OF SECURING the performance of each agreement of the TRUSTOR herein contained and the payment of the sum of $ 23,333

ALAN S COLEMAN
NAME PRINTED OR TYPED          NAME PRINTED OR TYPED

STATE OF _____
COUNTY OF _____ } SS.
On _____

Notary Public          My commission expires _____

Q2029 (03/04)

# THIS SIDE MUST BE RECORDED

TO PROTECT THE SECURITY OF THIS DEED OF TRUST, TRUSTOR AGREES:

1. To pay to Beneficiary, upon request, in addition to payments specifically required hereunder and under any note secured hereby, in installments, at the times and in the amounts requested by Beneficiary, sums which when cumulated will be sufficient to pay one month prior to the time the same become delinquent, all taxes, assessments and insurance premiums. If such sums exceed the amount so required, the excess may be released or held by Beneficiary to apply on subsequent payments of the same nature, but if such sums are insufficient, Trustor agrees to pay any deficiency on demand. If Trustor shall default under this deed Beneficiary may apply all or any part of said funds then held on any obligation secured hereby.

2. Properly to care for and keep the property in good condition and repair and to keep all buildings thereon free from visible active termites, fungi or dry rot infestation; not to remove, alter or demolish any building or improvement thereon; to complete or restore promptly and in good and workmanlike manner any building or improvement which may be constructed, damaged, or destroyed thereon, and pay when due all costs incurred therefor, and, if the loan secured hereby, or any part thereof, is for the purpose of financing construction of improvements on said property, to complete the same in accordance with plans and specifications satisfactory to Beneficiary; to allow Beneficiary to inspect said property at all times during construction; to replace any work or materials unsatisfactory to Beneficiary, within fifteen (15) calendar days after written notice from Beneficiary of such fact, which notice may be given to Trustor by registered mail sent to his last known address or by personal service; that work shall not cease on the construction of such improvements for any reason whatsoever for a period of fifteen (15) calendar days; not to commit or permit waste of the property; to comply with all laws, covenants, conditions and restrictions affecting the property; if the land be agricultural, properly to harvest and care for crops growing thereon and farm the property in a proper and husbandlike manner.

That, the Trustee, upon presentation to it of a statement in writing signed by Beneficiary, setting forth facts showing a default by Trustor under this numbered paragraph, is authorized to accept as true and conclusive all facts and statements therein and to act thereon hereunder.

3. To at all times provide, maintain in force and deliver to Beneficiary fire and such other insurance as may be required by Beneficiary in an amount satisfactory to and with loss payable to said Beneficiary, and insurance policies shall be in form and content and in such companies as may be satisfactory to the Beneficiary and shall be delivered to and remain in possession of Beneficiary as further security for the faithful performance of these trusts. If said insurance policies have not been delivered to the Beneficiary thirty (30) days before the expiration of any of the said insurance, with evidence of the premium having been paid, the Beneficiary shall have the right, but is not obligated to obtain said insurance on behalf of the Trustor and pay the premium thereon. The amount collected under any fire or other insurance policy may be applied by Beneficiary to any indebtedness secured hereby and in such order as Beneficiary may determine or at option of Beneficiary, the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice. Neither the Trustee nor Beneficiary shall be responsible for such insurance or for the collection of any insurance monies or for any insolvency of any insurer or insurance underwriter. Any and all unexpired insurance shall inure to the benefit of and pass to the purchaser of the property conveyed hereby at any Trustee's sale held hereunder.

4. To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this deed.

5. To pay at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all costs, fees and expenses of this Trust.

6. That, should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

7. To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the rate provided in said Note; and to pay for any Beneficiary's written statement regarding the obligation secured hereby, no more than allowed by law at the time such statement is requested by Trustor, his legal representative or escrow agent.

8. Any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such monies received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

9. By accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

10. Any sale, lease, exchange, conveyance or encumbrance of said property or any interest or part thereof, or change of occupancy thereof, without the written consent of the Beneficiary herein named, or its successors or assigns, shall give such Beneficiary, or its successors or assigns, the right to declare the then full unpaid balance of said note due and payable.

11. At any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and all Notes secured hereby, for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may upon payment of its fees reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

12. That upon written request of Beneficiary, stating that all sums secured hereby have been paid, and upon surrender of This Deed and the Note or Notes to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters of facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto." Five (5) years after issuance of such full reconveyance, Trustee may destroy said note and this Deed, unless directed in such request to retain them.

13. Upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice of Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, any Note or Notes and all documents evidencing expenditures or obligations secured hereby. The Trustee, upon presentation to it by Beneficiary of a written declaration of default and demand for sale, is authorized to accept as true and conclusive all facts and statements therein and to act thereon hereunder. After the lapse of such time as may be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine (but subject to any statutory right of Trustor to direct the order in which the property, if consisting of several known lots or parcels, shall be sold) at public auction to the highest bidder for cash in lawful money of the United States, payable at the time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale. After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the rate provided in said Note; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto, upon proof of claim satisfactory to Trustee.

14. The Beneficiary or his successor in interest shall have the right to substitute a Trustee or Trustees in the place and stead of the within Trustee or any substituted Trustee by complying with the laws of the State pertaining to providing therefor and upon the recording in the office of the County Recorder of said County an acknowledgment by the Trustee, acting at the time thereof, of the receipt of a copy of such substitution, it shall be the duty of any Trustee to make such acknowledgment when so requested upon presentation of the Deed and said note for endorsement and upon payment to it of an amount equal to the amount the Trustee would then charge for a Full Reconveyance.

15. This Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall include not only the original Beneficiary hereunder but also any future owner and holder, including pledgees, of the Note or Notes secured hereby. The term Trustor shall include not only the original Trustor hereunder but also any successor in interest to the Trustor and all future record owners of the property described herein. In this Deed whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

16. Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

State of California     )

County of _Contra Costa_   )

# CALIFORNIA ALL-PURPOSE CERTIFICATE OF ACKNOWLEDGMENT

On _1/20/07_ before me, _Terry Edwards - Notary_ ,
<span style="font-size:small">(Here insert name and title of the officer)</span>

personally appeared _Alan S. Coleman_ .

_____

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____

(Seal)

---

## OPTIONAL INFORMATION

*Although the information in this section is not required by law, it could prevent fraudulent removal and reattachment of this acknowledgment to an unauthorized document and may prove useful to persons relying on the attached document.*

**Description of Attached Document**

The preceding Certificate of Acknowledgment is attached to a document titled/for the purpose of _Trust Deed and note_

containing _1_ pages, and dated _1/20/07_

The signer(s) capacity or authority is/are as:

☐ Individual(s)
☐ Attorney-in-fact
☐ Corporate Officer(s) _____
          Title(s)
☐ Guardian/Conservator
☐ Partner - Limited/General
☐ Trustee(s)
☐ Other _____

Representing _____
<span style="font-size:small">Name(s) of Person(s) or Entity(ies) Signer is Representing</span>

**Method of Signer Identification**

☐ Personally known to me
☐ Proved to me on the basis of satisfactory evidence
  ☐ form(s) of identification  ☐ credible witness(es)

Identification is detailed in notary journal on:
Page # _____ Entry # _____

Notary contact: _____

Other
☐ Additional Signer(s)  ☐ Signer(s) Thumbprint(s)
☐

END OF DOCUMENT

<span style="font-size:small">© Copyright 2005 Notary Rotary, Inc. 925 29th St., Des Moines, IA 50312-3612   Form AQ06. 10/05.   To re-order, call toll-free 1-877-349-6588 or visit us on the internet at http://www.notaryrotary.com</span>

## SURETY BAIL BOND INDEMNITY AGREEMENT
### Bankers Insurance Company

The undersigned, called "First Party," make application to __Karen's Bail Bonds__ called

"Second Party," for the execution by Bankers Insurance Company, a corporation called "Surety" of a Bail undertaking herein referred to

as "Bail Bond" in the penal amount of $ __23,333__ for __Francis, Staci__ called "Principal," and in consideration of Second Party arranging for execution of continuance of this Bail Bond, First Party does jointly and severally agree as follows:

FIRST: To pay Second Party $ __2,333.30__ per annum for this Bail Bond. The premium is fully earned upon the release of Principal. The fact that Defendant may have been improperly arrested, or his bail reduced or his case dismissed, shall not obligate the return of any portion of said premium. This Bond is renewable each year. First Party agrees to pay to Second Party a renewal premium in the amount stated above, twelve months after the date on which this Bond was executed. If said renewal premium is not paid upon written demand therefore, Second Party or Surety has the right to surrender Principal, as provided in the California Penal Code, Section 1300, and exonerate the Bond.

SECOND: To reimburse Second Party and Surety for actual expenses incurred by Second Party or Surety in connection with the arranging and/or execution of Bail Bond or any renewal or substitution thereof whether or not said Principal shall be released after arrangements have been initiated by Second Party, in accordance with the regulations of the Insurance Commissioner in effect at the time such expenses are incurred.

THIRD: To reimburse Second Party and Surety for actual expenses incurred and caused by a breach by the Principal of any of the terms for which the application and Bail Bond were written not in excess of the penal amount of the Bail Bond including all expenses or liabilities incurred as a result of searching for, recapturing or returning Principal to custody, incurred by Second Party or Surety or as necessary in apprehending or endeavoring to apprehend Principal, including legal fees incurred by Second Party or Surety in making application to a court for an order to vacate or to set aside the order of forfeiture or Summary judgment entered thereon. However, no expenses or liabilities incurred for recapturing or returning Principal to custody shall be chargeable after the entry of Summary Judgment.

FOURTH: To pay the Second Party or Surety, in the event that it is necessary for them to institute suit for a breach of this agreement, a reasonable attorney's fee which shall, in no event, be less then sum of twenty-five dollars ($25.00).

FIFTH: To pay Second Party or Surety as collateral upon demand, the penal amount of Bail Bond whenever Second Party or Surety, as a result of information concealed or misrepresented by the First Party or Principal or other reasonable cause, anyone of which was material to hazard assumed, deems payment necessary to protect the Second Party or Surety hereunder, Where, as a result of judicial action, bail has been increased, and no collateral or insufficient collateral, in the sole discretion of Second Party or Surety, is furnished to indemnify against such increase in the bail, Second Party or Surety may demand such collateral as will indemnify them against such increased bail.

SIXTH: To pay Second Party or Surety immediately upon demand after entry of Summary Judgment, pursuant to California Penal Code, Section 1306.

SEVENTH: To aid Second Party or Surety in securing release or exoneration of Second Party or Surety from all liability under Bail Bond, including the surrender of Principal to Court should Second Party or Surety deem such action advisable.

EIGHTH: That all money or other property which the First Party has deposited or may deposit with the Second Party or the Surety may be applied as collateral security or indemnity for matters contained herein, and to accomplish the purposes contained herein, the Second Party and/or Surety is authorized to lawfully levy upon said collateral in the manner provided by law and to apply the proceeds therefrom and any and all money deposited to payment or reimbursement for the herein above liabilities, losses, costs, damages and expenses. If collateral received by Second Party is in excess of the bail forfeited, such excess will be returned to the depositor immediately upon the application of the collateral to the forfeiture, subject to any claim of Second Party and Surety for unpaid Premium or the hereinabove charges.

NINTH: Second Party or Surety shall not surrender Principal to custody prior to the time specified in the Bail Bond for the appearance of the Principal, or prior to any occasion when the presence of the Principal in Court is lawfully required, without returning all premium paid therefore, unless as a result of judicial action, information concealed or misrepresented by the Principal, or other reasonable cause, anyone of which was material to the hazard assumed, the hazard was substantially increased and the additional premium, if any, for such increased hazard was not paid within a reasonable time.

TENTH: The obligations hereunder are joint and several and any amounts due shall bear interest at the maximum rate of interest allowed by law. The Second Party and the Surety shall not be first obliged to proceed against the Principal on Bail Bond before having recourse against the First Party or anyone of them. The First Party hereby expressly waiving the benefits of law requiring the Second Party or the Surety to make claim upon or to proceed or enforce its remedies against the Principal before making demand upon or proceeding and/or enforcing its remedies against anyone or more of the First Party.

ELEVENTH: In making application for Bail Bond, each of us warrants all statements made by him or her on this application to be true, and we agree to advise Second Party or Surety of any change, including but not limited to change of address or employment of either the Principal or any of the First Party, or any other material change in circumstances, within forty-eight (48) hours after knowledge such change shall have occurred, and the First Party agrees that any failure to so notify shall be reasonable cause for the immediate surrender of the Principal.

TWELFTH: The undersigned agree that obligations apply to all other Bail Bonds executed for the same charge for which the above mentioned Bail Bond was executed, or any charge arising out of the same transaction, regardless of whether said Bail Bonds are filed before or after conviction, but not in a greater amount.

IN WITNESS WHEREOF, the First Party whose names are subscribed to the Bail Agreement executed herewith each represents, I have read the Bail Agreement and I know the contents thereof; that I hereby acknowledge receipt of a copy of said Bail Agreement, that I am the true and lawful owner of the property, whether real or personal, which if set forth in the Application for Bail (which Application is made a part hereof by reference as though herein fully set forth) is my property and that I own such property free and clear of all liens or encumbrances except as so noted. and I further promise not to transfer or encumber any of said property until my liability on said Bail Agreement has been released. I understand the Second Party and/or Surety is permitting the said bail to remain in force upon reliance of the statements made by me and I do hereby

this __20TH__ day of __January__ __2007__ set my hand.

| | | | | |
|---|---|---|---|---|
| Defendant | | Home Phone | | Work Phone |
| Signature | | | | |
| Name | | Address | | City | Zip |
| Employer | | Address | | City | Zip |

TOTAL P.04



**Bankers Insurance Company**

The undersigned, called "First Party," make application to _Karen's Bail Bonds_ called

"Second Party," for the execution by Bankers Insurance Company, a corporation called "Surety" of a Bail undertaking herein referred to

as "Bail Bond" in the penal amount of $ _23,333_ for _Francis, Staci_ called

"Principal," and in consideration of Second Party arranging for execution of continuance of this Bail Bond, First Party does jointly and severally agree as follows:

FIRST: To pay Second Party $ _2,333.30_ per annum for the Bail Bond. The premium is fully earned upon the release of Principal. The fact that Defendant may have been improperly arrested, or his bail reduced or his case dismissed, shall not obligate the return of any portion of said premium. This Bond is renewable each year. First Party agrees to pay to Second Party a renewal premium in the amount stated above, twelve months after the date on which this Bond was executed. If said renewal premium is not paid upon written demand therefore, Second Party or Surety has the right to surrender Principal, as provided in the California Penal Code, Section 1300, and exonerate the Bond.

SECOND: To reimburse Second Party and Surety for actual expenses incurred by Second Party or Surety in connection with the arranging and/or execution of Bail Bond or any renewal or substitution thereof whether or not said Principal refuses to be released after arrangements have been initiated by Second Party, in accordance with the regulations of the Insurance Commissioner in effect at the time such expenses are incurred.

THIRD: To reimburse Second Party and Surety for actual expenses incurred and caused by a breach by the Principal of any of the terms for which the application and Bail Bond were written not in excess of the penal amount of the Bail Bond including all expenses or liabilities incurred as a result of searching for, recapturing or returning Principal to custody, incurred by Second Party or Surety or as necessary in apprehending or endeavoring to apprehend Principal, including legal fees incurred by Second Party or Surety in making application to a court for an order to vacate or to set aside the order of forfeiture or Summary Judgment entered thereon. However, no expense or liabilities incurred for recapturing or returning Principal to custody shall be chargeable after the entry of Summary Judgment.

FOURTH: To pay the Second Party or Surety, in the event that it is necessary for them to institute suit for a breach of this agreement, a reasonable attorney's fee which shall, in no event, be less than sum of twenty-five dollars ($25.00).

FIFTH: To pay Second Party or Surety as collateral upon demand, the penal amount of Bail Bond whenever Second Party or Surety, as a result of information concealed or misrepresented by the First Party or Principal or other reasonable cause, anyone of which was material to hazard assumed, deems payment necessary to protect the Second Party or Surety hereunder. Where, as a result of judicial action, bail has been increased, and no collateral or insufficient collateral, in the sole discretion of Second Party or Surety, is furnished to indemnify against such increase in the bail, Second Party or Surety may demand such collateral as will indemnify them against such increased bail.

SIXTH: To pay Second Party or Surety immediately upon demand after entry of Summary Judgment, pursuant to California Penal Code, Section 1305.

SEVENTH: To aid Second Party or Surety in securing release or exoneration of Second Party or Surety from all liability under Bail Bond, including the surrender of Principal to Court should Second Party or Surety deem such action advisable.

EIGHTH: That all money or other property which the First Party has deposited or may deposit with the Second Party or the Surety may be applied as collateral security or indemnity for matters contained herein, and to accomplish the purposes contained herein, the Second Party and/or Surety is authorized to lawfully levy upon said collateral in the manner provided by law and to apply the proceeds thereon and any and all money deposited to payment or reimbursement for the herein above liabilities, losses, costs, damages and expenses. If collateral received by Second Party is in excess of the bail forfeited, such excess shall be returned to the depositor immediately upon the application of the collateral to the forfeiture, subject to any claim of Second Party and Surety for unpaid Premium or the hereinabove charges.

NINTH: Second Party or Surety shall not surrender Principal to custody prior to the time specified in the Bail Bond for the appearance of the Principal, or prior to any occasion when the presence of the Principal in Court is lawfully required, without returning all premium paid therefore, unless as a result of judicial action, information concealed or misrepresented by the Principal, or other reasonable cause, anyone of which was material to the hazard assumed, the hazard was substantially increased and the additional premium, if any, for such increased hazard was not paid within a reasonable time.

TENTH: The obligations hereunder are joint and several and any amounts due shall bear interest at the maximum rate of interest allowed by law, The Second Party and the Surety shall not be first obliged to proceed against the Principal on Bail Bond before having recourse against the First Party or anyone of them. The First Party hereby expressly waiving the benefits of law requiring the Second Party or the Surety to make claim upon or to proceed or enforce its remedies against the Principal before making demand upon or proceeding and/or enforcing its remedies against anyone or more of the First Party.

ELEVENTH: In making application for Bail Bond, each of us warrants all statements made by him or her on this application to be true, and we agree to advise Second Party or Surety of any change, including but not limited to change of address or employment of either the Principal or any of the First Party, or any other material change in circumstances, within forty-eight (48) hours after knowledge such change shall have occurred, and the First Party agrees that any failure to so notify shall be reasonable cause for the immediate surrender of the Principal.

TWELFTH: The undersigned agree that these obligations apply to all other Bail Bonds executed for the same charge for which the above mentioned Bail Bond was executed, or any charge arising out of the same transaction, regardless of whether said Bail Bonds are filed before or after conviction, but not in a greater amount.

IN WITNESS WHEREOF, the First Party whose names are subscribed to the Bail Agreement executed herewith each represents. I have read the Bail Agreement and I know the contents thereof; that I hereby acknowledge receipt of a copy of said Bail Agreement, that I am the true and lawful owner of the property, whether real or personal; which if set forth in the Application for Bail (which Application is made a part hereof by reference as though herein fully set forth) is my property and that I own such property free and clear of all liens or encumbrances except as so noted, and I further promise not to transfer or encumber any of said property until my liability on said Bail Agreement has been released. I understand the Second Party and/or Surety is permitting the said bail to remain in force upon reliance of the statements made by me and I do hereby

this _20TH_ day of _January_, _2007_ set my hand.

| Defendant | | | | | |
|---|---|---|---|---|---|
| Signature | | | Home Phone | Work Phone | |
| Name | | Address | | City | Zip |
| Employer | | Address | | City | Zip |
| DMV I.D. | | S.S. No | | Date of Birth | |

**\*\*ATTENTION: STACY**

From: Karen Long
KAREN'S BAIL BONDS

912 Court Street
Martinez, Ca 94553

Date Sent: JULY 10th, 2007
Number of Pages: 2
Phone: 925-228-2803
\*Fax: 925-370-8609

Regarding : Excess Funds on Property
Property: 7387 June Bug Lane, Vacaville, CA

MESSAGE: Please review documents I am faxing, on above mentioned property.

Thank you very much,

*Karen Long*

Karen Long
Karen's Bail Bonds





**Bankers Insurance Company**

## DISCLOSURE STATEMENT

Bail Agency: _Kerens Bail Bonds_

Bond Number: _5270365269_

Bond Amount: _23,333_

Defendant: _Francis, Staci_

### ATTENTION

### DISCLOSURE OF LIEN AGAINST REAL PROPERTY.
### DO NOT SIGN THIS DOCUMENT UNTIL YOU READ AND UNDERSTAND IT!

### THIS BAIL BOND WILL BE SECURED BY REAL PROPERTY YOU OWN OR IN WHICH YOU HAVE AN INTEREST. THE FAILURE TO PAY THE BAIL BOND PREMIUMS WHEN DUE OR THE FAILURE OF THE DEFENDANT TO COMPLY WITH THE CONDITIONS OF BAIL COULD RESULT IN THE LOSS OF YOUR PROPERTY!

After you have read the above Disclosure Statement and received a completed copy of the Bail Bond Agreement and the Deed of Trust, please execute this Disclosure Statement in the space provided below, acknowledging that you have read and understood this Disclosure Statement and that you have received a completed copy of the Bail Bond Agreement and Deed of Trust. You are also responsible for any fees incurred by the Surety, as specified in the Bail Bond Agreement you signed, and any lien against your property will not be released until such fees are paid. You will be asked to execute this document again, in the corresponding space provided below, upon delivery to you of a full reconveyance of title, which, upon recordation terminates the lien on your real property created by the Deed of Trust.

I HAVE READ AND UNDERSTOOD THE ABOVE DISCLOSURE STATEMENT AND HAVE RECEIVED A COMPLETED COPY OF THE BAIL BOND AGREEMENT AND DEED OF TRUST.

Print Name: _ALAN S CALENER_    Print Name: _____

Sign Name: _A. S. Ce_    Sign Name: _____

Date: _1/20/07_    Date: _____

I HAVE RECEIVED A COPY OF A FULL RECONVEYANCE OF TITLE, THE ORIGINAL OF WHICH WAS FORWARDED TO THE COUNTY RECORDER FOR FILING, A CERTIFICATE OF DISCHARGE, OR A FULL RELEASE OF ANY LIEN AGAINST REAL PROPERTY TO SECURE PERFORMANCE OF THE CONDITIONS OF THE BAIL BOND.

Print Name: _____    Print Name: _____

Sign Name: _____    Sign Name: _____

Date: _____    Date: _____

BSS-2 (12/94)



## Bankers Insurance Company

### DISCLOSURE STATEMENT

Bail Agency: **Karens Bail Bonds**

Bond Number: **527036526 9**

Bond Amount: **23,333**

Defendant: **Francis, Staci**

**ATTENTION**

### DISCLOSURE OF LIEN AGAINST REAL PROPERTY.
### DO NOT SIGN THIS DOCUMENT UNTIL YOU READ AND UNDERSTAND IT!

**THIS BAIL BOND WILL BE SECURED BY REAL PROPERTY YOU OWN OR IN WHICH YOU HAVE AN INTEREST. THE FAILURE TO PAY THE BAIL BOND PREMIUMS WHEN DUE OR THE FAILURE OF THE DEFENDANT TO COMPLY WITH THE CONDITIONS OF BAIL COULD RESULT IN THE LOSS OF YOUR PROPERTY!**

After you have read the above Disclosure Statement and received a completed copy of the Bail Bond Agreement and the Deed of Trust, please execute this Disclosure Statement in the space provided below, acknowledging that you have read and understood this Disclosure Statement and that you have received a completed copy of the Bail Bond Agreement and Deed of Trust. You are also responsible for any fees incurred by the Surety, as specified in the Bail Bond Agreement you signed, and any lien against your property will not be released until such fees are paid. You will be asked to execute this document again, in the corresponding space provided below, upon delivery to you of a full reconveyance of title, which, upon recordation terminates the lien on your real property created by the Deed of Trust.

**I HAVE READ AND UNDERSTOOD THE ABOVE DISCLOSURE STATEMENT AND HAVE RECEIVED A COMPLETED COPY OF THE BAIL BOND AGREEMENT AND DEED OF TRUST.**

Print Name: **ALAN S COLEMAN**          Print Name: _____

Sign Name: _____          Sign Name: _____

Date: **1/20/07**          Date: _____

**I HAVE RECEIVED A COPY OF A FULL RECONVEYANCE OF TITLE, THE ORIGINAL OF WHICH WAS FORWARDED TO THE COUNTY RECORDER FOR FILING, A CERTIFICATE OF DISCHARGE, OR A FULL RELEASE OF ANY LIEN AGAINST REAL PROPERTY TO SECURE PERFORMANCE OF THE CONDITIONS OF THE BAIL BOND.**

Print Name: _____          Print Name: _____

Sign Name: _____          Sign Name: _____

Date: _____          Date: _____

BSS-2 (12/94)

# Exhibit E

| Form **10492** | Department of the Treasury — Internal Revenue Service | Escrow or Docket number |
| (Rev. January 2005) | **Notice of Federal Taxes Due** | |

| To (Name of Escrow Holder, Agent of Taxpayer, or Fiduciary) | Amount due |
|---|---|
| PITE DUNCAN, LLP | $  27,057.49 |

Address (Number, Street, P.O. Box, City, State, ZIP code)

P.O. BOX 12289, EL CAJON, CA 92022-2289

You are hereby notified that there is now due, owing, and unpaid from —

Name of taxpayer  ALAN S. COLEMAN

Address (Number, Street, P.O. Box, City, State, ZIP code)

2387 JUNE BUG LN

VACAVILLE, CA 95688-9311

to the United States of America, the sum of  Twenty Seven Thousand Fifty Seven and 49/100 Dollars
for Internal Revenue taxes secured by a lien pursuant to Internal Revenue Code (IRC) Sections 6321 and 6322, or the
Estate Tax Lien arising under IRC Section 6324, from the date of each assessment.

| Kind of Tax and Period | Taxpayer EIN or SSN | Assessment Date | Unpaid Assessed Balance | Accrued Interest | Accrued Late Payment Penalty | TOTAL |
|---|---|---|---|---|---|---|
| 1040/199912 | ▒0780 | 12/23/2002 | $14,859.31 | $9,192.18 | $3,006.00 | $27,057.49 |
| | | | | | | |
| COMPUTED | 04/23/2007 | | | | | |

| Date after which additional interest will be charged ► | | Dated at SAN JOSE | this 1st day |
| Date after which applicable late payment penalty will be charged ► | | of June | , 20 07 . |

If a Notice of Federal Tax Lien(s) has been recorded, a *Certificate of Release of Federal Tax Lien* will be filed immediately *only
if payment is made in cash or by either a certified, cashier's, or treasurers check. The check must be drawn on any bank or trust
company incorporated under the laws of the United States, or of any state or possession of the United States. Payment also can
be made by a United States postal, bank, express, or telegraph money order. If you pay by personal check, issuance of the
certificate of release will be delayed until the bank honors the check.*

**Caution to Fiduciaries:** For personal liability for failure to honor priority of debts due the United States, see sections 3466 and
3467 of the revised statutes (31 U.S.C. 191, 192).

Please make payment payable to the United States Treasury and send it to the Internal Revenue Service at the address below.

| By (Name) FOR: Frank McNulty | Title Technical Services Advisor | ID number | Telephone number (408 ) 817-6488 |
|---|---|---|---|
| Address (Number, Street, P.O. Box, City, State, ZIP code) INTERNAL REVENUE SERVICES TECHNICAL SERVICES 55 S. MARKET ST. MS #5410 SAN JOSE, CA 95113 | Signature | | |

| Catalog No. 65710D | www.irs.gov | Form **10492** (Rev. 1-2005) |

Form **10492**
(Rev. January 2005)

Department of the Treasury — Internal Revenue Service

## Notice of Federal Taxes Due

Escrow or Docket number

To *(Name of Escrow Holder, Agent of Taxpayer, or Fiduciary)*

PITE DUNCAN, LLP

Amount due

$ 27,057.49

Address *(Number, Street, P.O. Box, City, State, ZIP code)*

P.O. BOX 12289, EL CAJON, CA 92022-2289

You are hereby notified that there is now due, owing, and unpaid from —

Name of taxpayer ALAN S. COLEMAN

Address *(Number, Street, P.O. Box, City, State, ZIP code)*

2387 JUNE BUG LN

VACAVILLE, CA 95688-9311

to the United States of America, the sum of  Twenty Seven Thousand Fifty Seven and 49/100 Dollars

for Internal Revenue taxes secured by a lien pursuant to Internal Revenue Code *(IRC)* Sections 6321 and 6322, or the Estate Tax Lien arising under IRC Section 6324, from the date of each assessment.

| Kind of Tax and Period | Taxpayer EIN or SSN | Assessment Date | Unpaid Assessed Balance | Accrued Interest | Accrued Late Payment Penalty | TOTAL |
|---|---|---|---|---|---|---|
| 1040/199912 | ███0780 | 12/23/2002 | $14,859.31 | $9,192.18 | $3,006.00 | $27,057.49 |
| COMPUTED | 04/23/2007 | | | | | |

| | |
|---|---|
| Date after which additional interest will be charged ▶ | Dated at  SAN JOSE _____ this 1st day |
| Date after which applicable late payment penalty will be charged ▶ | of June _____, 20 07 . |

If a Notice of Federal Tax Lien(s) has been recorded, a *Certificate of Release of Federal Tax Lien* will be filed immediately *only if payment is made in cash or by either a certified, cashier's, or treasurers check. The check must be drawn on any bank or trust company incorporated under the laws of the United States, or of any state or possession of the United States. Payment also can be made by a United States postal, bank, express, or telegraph money order. If you pay by personal check, issuance of the certificate of release will be delayed until the bank honors the check.*

**Caution to Fiduciaries:** For personal liability for failure to honor priority of debts due the United States, see sections 3466 and 3467 of the revised statutes *(31 U.S.C. 191, 192).*

Please make payment payable to the United States Treasury and send it to the Internal Revenue Service at the address below.

| By *(Name)* | Title | ID number | Telephone number |
|---|---|---|---|
| FOR: Frank McNulty | Technical Services Advisor | | (408 ) 817-6488 |

Address *(Number, Street, P.O. Box, City, State, ZIP code)*

INTERNAL REVENUE SERVICES
TECHNICAL SERVICES
55 S. MARKET ST. MS #5410
SAN JOSE, CA 95113

Signature

Catalog No. 65710D          www.irs.gov          Form **10492** (Rev. 1-2005)

# Exhibit F

May 23, 2007

<u>**VIA FIRST CLASS MAIL**</u>

Staci E. Coleman
7387 Junebug Lane
Vacaville, CA 95688

Re:   <u>Disbursement of Surplus Funds</u>
      Property Address: 7387 Junbug Lane, Vacaville, CA 95688
      Trustee Sale No.: 06-26067-CA
      Our File No.: 000071-000118

Pursuant with the disbursement of surplus funds, you are hereby notified of the following:

A.   On April 23, 2007, Premier Trust Deed Services, Inc., as Trustee, conducted a Trustee's Sale pursuant to the terms of that certain Deed of Trust dated February 14, 1997, executed by:

     ALAN S. COLEMAN, A MARRIED MAN AS HIS SOLE AND SEPARATE P, in favor of OPTION ONE MORTGAGE CORPORATION, A CALIFORNIA CORPORATION, recorded on February 21, 1997, as Instrument No. 1997-00010422, Official Records of SOLANO County, State of   and MORE COMPLETELY DESCRIBED IN SAID DEED OF TRUST.

B.   You may have a claim to all or a portion of the sale proceeds remaining after payment of the obligation which was the subject of the Trustee's Sale, and the Trustee's costs and expenses.

C.   You may contact Pite Duncan, LLP, P.O. Box 12289, El Cajon, California 92022-2289, Stacey L. Klein, to pursue any potential claim. Please refer to the Trustee's Sale Number listed above.

D.   Before funds may be disbursed, you must submit a written claim to the undersigned, executed under penalty of perjury, stating the following:

     1.   **The amount of the claim as of the date of the Trustee's Sale.**
     2.   **An itemized statement of the principal, interest and other charges of the basis of your claim.**

E.   You must provide us with the Original Note or other evidence of the indebtedness.

F.   All claims must be received by Pite Duncan, LLP, no later than 30 days after the date of this Notice as stated above.

Sincerely,

Stacey L. Klein

**PITE DUNCAN LLP**

<u>San Diego</u>

Steven W. Pite CA/NV/WA
John D. Duncan CA/WA
Peter J. Salmon CA/ID/AZ/TX/WA
David E. McAllister AZ/CA/HI/OR/WA

Michelle A. Mierzwa CA
Rochelle L. Stanford AZ/CA/GA
Linda J. Patterson CA/WA
Josephine E. Piranio AK/AZ/CA/NV
William F. McDonald CA/OR
Laurel I. Handley AZ/CA/HI/NV
Daniel R. Gamez CA/TX
Claire A. Mock CA
Jennifer Jackson AZ/CA
Eddie R. Jimenez CA/NV/TX
Adam B. Arnold CA
Jason A. Rose NV/TX
Daniel L. Hembree CA/WA
Theron S. Covey CA
Susan L. Petit AK/CA/WA
Melissa L. Carter TX

*Mailing Address*
P.O. Box 12289
El Cajon, CA
92022-2289

*Overnight Delivery*
525 E. Main Street
El Cajon, CA 92020

*Contact Nos.*
Ph.: (619) 590-1300
Fax: (619) 590-1385

<u>Orange County</u>

Steven J. Melmet CA

Robert M. Ruben CA
Bruce J. Quillgon CA
Kerry W. Franich CA
Theresa M. Hardjadinata CA

1820 E. First St., Ste. 420
Santa Ana, CA 92705
Ph: (714) 285-2633
Fax: (714) 285-2663

Attorneys licensed to practice in Alaska, Arizona, California, Hawaii
Idaho, Nevada, New York, Oregon, Texas, Utah and Washington
See above or visit www.piteduncan.com re individual attorney admissions.

**Rosalynn B. Salarda**

| | |
|---|---|
| **From:** | Rosalynn B. Salarda |
| **Sent:** | Thursday, March 06, 2008 4:36 PM |
| **To:** | 'snoopylur1@aol.com' |
| **Cc:** | Rosalynn B. Salarda |
| **Subject:** | Loan No. 0009452160 PD No. 000071-000118 (Coleman, Alan S.) |
| **Attachments:** | DOC030608.pdf; DOC030608.pdf; DOC030608.pdf; DOC030608.pdf; DOC030608.pdf; DOC030608.pdf; DOC030608.pdf |

      

DOC030608.pdf   DOC030608.pdf   DOC030608.pdf (93   DOC030608.pdf   DOC030608.pdf   DOC030608.pdf (37   DOC030608.pdf
(358 KB)        (656 KB)        KB)              (133 KB)         (449 KB)         KB)              (382 KB)        Hi

Staci,

Attached for your review, please find copies of the following:

Attachment #1) Trustee Sale Guarantee - page 7-8 reflects all of the liens that are recorded against the property.

Attachment #2 - #7) All claims that we have received from potential clients.

If you are currently being represented by an attorney, please forward their contact information as we wil only be able to deal with them (only if that is the case).

Thank you for time and let me know if you have any questions.

Rosalynn Salarda
Pite Duncan LLP. - Surplus Funds
Toll Free: (800) 500-8757
Direct: (619) 326-2434
Fax:: (619) 326-2430
Email: rsalarda@piteduncan.com

1

**Rosalynn B. Salarda**

| | |
|---|---|
| **From:** | Rosalynn B. Salarda |
| **Sent:** | Thursday, March 20, 2008 5:03 PM |
| **To:** | 'snoopyluvr1@aol.com' |
| **Subject:** | RE: Loan No. 0009452160 PD No. 000071-000118 (Coleman, Alan S.) |

Hi Staci,

I just wanted to let you know that I am still working on your file.  You mentioned that there were some claims that should not be paid out based on a bankruptcy matter.  Could you please outline which claims those are?

If you have any questions, please let me know.

Thank you.

Rosalynn Salarda
Pite Duncan LLP. - Surplus Funds
Toll Free: (800) 500-8757
Direct: (619) 326-2434
Fax:: (619) 326-2430
Email: rsalarda@piteduncan.com


-----Original Message-----
From: Rosalynn B. Salarda
Sent: Thursday, March 06, 2008 4:40 PM
To: 'snoopyluvr1@aol.com'
Subject: Loan No. 0009452160 PD No. 000071-000118 (Coleman, Alan S.)

Hi Staci,

Attached for your review, please find copies of the following:

Attachment #1) Trustee Sale Guarantee - page 7-8 reflects all of the liens that are recorded against the property.

Attachment #2 - #7) All claims that we have received from potential clients.

If you are currently being represented by an attorney, please forward their contact information as we wil only be able to deal with them (only if that is the case).

Thank you for time and let me know if you have any questions.

Rosalynn Salarda
Pite Duncan LLP. - Surplus Funds
Toll Free: (800) 500-8757
Direct: (619) 326-2434
Fax:: (619) 326-2430
Email: rsalarda@piteduncan.com

1

**Rosalynn B. Salarda**

| | |
|---|---|
| From: | Rosalynn B. Salarda |
| Sent: | Wednesday, April 30, 2008 4:51 PM |
| To: | 'snoopyluvr1@aol.com' |
| Cc: | Rosalynn B. Salarda |
| Subject: | RE: Loan No. 0009452160 PD No. 000071-000118 (Coleman, Alan S.) |

Hi Staci

I would like to not have to deposit the funds with the Court. Can you please provide the attorney contact info who handled the bankruptcy matter that you mentioned. I received a copy of Notice of Withdrawal of Lis Pendens in the case of Johnny J. Cavoretto and Elizabeth Cavoretto and was advised that their attorney was sending that out for recording.

Please let me know on the matter above.

Thank you.

RBS

-----Original Message-----
From: Rosalynn B. Salarda
Sent: Thursday, March 20, 2008 5:03 PM
To: 'snoopyluvr1@aol.com'
Subject: RE: Loan No. 0009452160 PD No. 000071-000118 (Coleman, Alan S.)

Hi Staci,

I just wanted to let you know that I am still working on your file. You mentioned that there were some claims that should not be paid out based on a bankruptcy matter. Could you please outline which claims those are?

If you have any questions, please let me know.

Thank you.

Rosalynn Salarda
Pite Duncan LLP. - Surplus Funds
Toll Free: (800) 500-8757
Direct: (619) 326-2434
Fax:: (619) 326-2430
Email: rsalarda@piteduncan.com


-----Original Message-----
From: Rosalynn B. Salarda
Sent: Thursday, March 06, 2008 4:40 PM
To: 'snoopyluvr1@aol.com'
Subject: Loan No. 0009452160 PD No. 000071-000118 (Coleman, Alan S.)

Hi Staci,

Attached for your review, please find copies of the following:

Attachment #1) Trustee Sale Guarantee - page 7-8 reflects all of the liens that are recorded against the property.

Attachment #2 - #7) All claims that we have received from potential clients.

If you are currently being represented by an attorney, please forward their contact information as we wil only be able to deal with them (only if that is the case).



1

Thank you for time and let me know if you have any questions.

Rosalynn Salarda
Pite Duncan LLP. - Surplus Funds
Toll Free: (800) 500-8757
Direct: (619) 326-2434
Fax:: (619) 326-2430
Email: rsalarda@piteduncan.com

## Rosalynn B. Salarda

**From:** Rosalynn B. Salarda
**Sent:** Friday, September 26, 2008 4:03 PM
**To:** 'Snoopyluvr1@aol.com'
**Subject:** RE: Loan No. 0009452160 PD No. 000071-000118 (Coleman, Alan S.)

Hi Staci,

Have you had a chance to gather the documents so we can continue with our research in regards to the disbursement of the surplus funds?  Please review the emails below.  I may not be able to hold onto the funds any longer and may need to refer them to the court because of the possible of conflicting claims and the large amount that we are holding.

Please let me know.

Thank you.

Rosalynn B. Salarda
Pite Duncan, LLP
Legal Assistant
Ph: (619) 326-2434 Fax: (619) 326-2430
Email: rsalarda@piteduncan.com

---

**From:** Snoopyluvr1@aol.com [mailto:Snoopyluvr1@aol.com]
**Sent:** Wednesday, April 30, 2008 10:07 PM
**To:** Rosalynn B. Salarda
**Subject:** Re: Loan No. 0009452160 PD No. 000071-000118 (Coleman, Alan S.)

I will forward them to you asap
unfortunately I am moving so it may be a couple days to get the documents together.  thanks for your email and I look forward to working with you.

Staci


-----Original Message-----

From: Rosalynn B. Salarda

Sent: Wednesday, April 30, 2008 4:51 PM

To: 'snoopyluvr1@aol.com'

Cc: Rosalynn B. Salarda

Subject: RE: Loan No. 0009452160 PD No. 000071-000118 (Coleman, Alan S.)

Hi Staci



2/19/2009

I would like to not have to deposit the funds with the Court. Can you please provide the attorney contact info who handled the bankruptcy matter that you mentioned. I received a copy of Notice of Withdrawal of Lis Pendens in the case of Johnny J. Cavoretto and Elizabeth Cavoretto and was advised that their attorney was sending that out for recording.

Please let me know on the matter above.

Thank you.

RBS

-----Original Message-----

From: Rosalynn B. Salarda

Sent: Thursday, March 20, 2008 5:03 PM

To: 'snoopyluvr1@aol.com'

Subject: RE: Loan No. 0009452160 PD No. 000071-000118 (Coleman, Alan S.)

Hi Staci,

I just wanted to let you know that I am still working on your file. You mentioned that there were some claims that should not be paid out based on a bankruptcy matter. Could you please outline which claims those are?

If you have any questions, please let me know.

Thank you.

Rosalynn Salarda

Pite Duncan LLP. - Surplus Funds

Toll Free: (800) 500-8757

Direct: (619) 326-2434

Fax:: (619) 326-2430

Email: rsalarda@piteduncan.com

## Rosalynn B. Salarda

**From:** Rosalynn B. Salarda
**Sent:** Monday, September 29, 2008 10:51 AM
**To:** 'snoopyluvr1@aol.com'
**Subject:** RE: Loan No. 0009452160 PD No. 000071-000118 (Coleman, Alan S.)

Thank you Staci. I will wait to hear from you within the next weeks.

**From:** snoopyluvr1@aol.com [mailto:snoopyluvr1@aol.com]
**Sent:** Friday, September 26, 2008 11:19 PM
**To:** Rosalynn B. Salarda
**Subject:** Re: Loan No. 0009452160 PD No. 000071-000118 (Coleman, Alan S.)

I am glad to hear from you. I am in the process now of going through all my paperwork and making photo copies for you so you will know exactly what was a write off in the Bankruptcy. Also doing the previous years taxes at the same time so the IRS liens will be cleared up and not a part of the funds disbursement. I am sure you agree this to be in our better interest rather then them taking what ever they see fit too. Our profit and loss statements for the taxes will clear up a ton of what they claim that we owe. Hopefully you can stall for just a tiny bit longer.
thanks a million for all your help in this mess.
Staci

-----Original Message-----
From: Rosalynn B. Salarda <rsalarda@piteduncan.com>
To: Snoopyluvr1@aol.com
Sent: Fri, 26 Sep 2008 4:03 pm
Subject: RE: Loan No. 0009452160 PD No. 000071-000118 (Coleman, Alan S.)

Hi Staci,

Have you had a chance to gather the documents so we can continue with our research in regards to the disbursement of the surplus funds? Please review the emails below. I may not be able to hold onto the funds any longer and may need to refer them to the court because of the possible of conflicting claims and the large amount that we are holding.

Please let me know.

Thank you.

Rosalynn B. Salarda
Pite Duncan, LLP
Legal Assistant
Ph: (619) 326-2434 Fax: (619) 326-2430
Email: rsalarda@piteduncan.com

2/19/2009

From: Snoopyluvr1@aol.com [mailto:Snoopyluvr1@aol.com]
Sent: Wednesday, April 30, 2008 10:07 PM
To: Rosalynn B. Salarda
Subject: Re: Loan No. 0009452160 PD No. 000071-000118 (Coleman, Alan S.)

I will forward them to you asap
 unfortunately I am moving so it may be a couple days to get the documents together.  thanks for your email  and I
look forward to working with you.

Staci

-----Original Message-----
From: Rosalynn B. Salarda
Sent: Wednesday, April 30, 2008 4:51 PM
To: 'snoopyluvr1@aol.com'
Cc: Rosalynn B. Salarda
Subject: RE: Loan No. 0009452160 PD No. 000071-000118 (Coleman, Alan S.)
HI Staci
I would like to not have to deposit the funds with the Court. Can you please provide the attorney contact info who
handled the bankruptcy matter that you mentioned. I received a copy of Notice of Withdrawal of Lis Pendens in
the case of Johnny J. Cavoretto and Elizabeth Cavoretto and was advised that their attorney was sending that out
for recording.
Please let me know on the matter above.
Thank you.
RBS
-----Original Message-----
From: Rosalynn B. Salarda
Sent: Thursday, March 20, 2008 5:03 PM
To: 'snoopyluvr1@aol.com'
Subject: RE: Loan No. 0009452160 PD No. 000071-000118 (Coleman, Alan S.)
Hi Staci,
I just wanted to let you know that I am still working on your file. You mentioned that there were some claims that
should not be paid out based on a bankruptcy matter. Could you please outline which claims those are?
If you have any questions, please let me know.
Thank you.
Rosalynn Salarda
Pite Duncan LLP. - Surplus Funds
Toll Free: (800) 500-8757
Direct: (619) 326-2434
Fax:: (619) 326-2430
Email: rsalarda@piteduncan.com

Find phone numbers fast with the New AOL Yellow Pages!

2/19/2009

# ATTACHMENT 12



ATTACHMENT 12

Alan S. Coleman
P.O. Box 5122
Vacaville, CA 95696

Staci E. Coleman
2160 Mariposa Drive
Dixon, CA 95620

Department of the Treasury
Internal Revenue Service
Washington, D.C. 20224

United States Attorney
Eastern District
501 I Street, Ste. 10-100
Sacramento, CA 95814

California Franchise Tax Board
Collection Advisory Team M/S A-340
P.O. Box 2952
Sacramento, CA 95812-2952

Staci E. Coleman
4545 Shawn Lane
Vacaville, CA 95688

Internal Revenue Service
1301 Clay Street, Ste. 1400S
Oakland, CA 94612

Internal Revenue Service
55 So. Market Street
Mail Stop# HQ-5410
San Jose, CA 95113

Department of Justice
Tax Division, CTS Western
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044

California Franchise Tax Board
Legal Division
9646 Butterfield Way
Sacramento, CA 95827

# ATTACHMENT 13



1 | PETER J. SALMON (CA SBN 174386)
JASON W. SHORT (CA SBN 263667)
2 | PITE DUNCAN, LLP
4375 JUTLAND DRIVE, SUITE 200
3 | P.O. BOX 17935
SAN DIEGO, CA 92177-0935
4 | TELEPHONE: (858) 750-7600
FACSIMILE: (619) 590-1385
5 | E-MAIL: jshort@piteduncan.com

6 | Attorneys for Petitioner
SAND CANYON CORPORATION, FKA PREMIER TRUST DEED SERVICES, INC.

7

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SOLANO

9

10 | IN RE: | Case No.:

11 | | **PROOF OF SERVICE**

THE TRUSTEE'S SALE OF THE REAL
12 | PROPERTY LOCATED AT

13 | 7387 JUNEBUG LANE
VACAVILLE, CA 95688.

14

15 |   I, the undersigned, declare: I am, and was at the time of service of the papers herein referred
to, over the age of 18 years, and not a party to this action. My business address is 4375 Jutland Drive
16 | Suite 200, San Diego, CA 92117.

17 |   On _____July 13_____, 2012, I served the following documents:

18 |   1.   **CIVIL CASE COVER SHEET**

19 |   2.   **PETITION AND DECLARATION REGARDING UNRESOLVED CLAIMS
AND DEPOSIT OF UNDISTRIBUTED SURPLUS PROCEEDS OF
20 |        TRUSTEE'S SALE**

21 |   3.   **NOTICE OF PETITION TO SUPERIOR COURT TO DEPOSIT SURPLUS
FUNDS**

22 |
23 |   4.   **MEMORANDUM OF POINTS AND AUTHORITIES**

      5.   **ORDER TO DEPOSIT SURPLUS FUNDS (PROPOSED)**
24 |
      6.   **PROOF OF SERVICE**
25 |
on the parties in this action addressed as follows:
26 |

27 | Alan S. Coleman                 Staci E. Coleman
P.O. Box 5122                   4545 Shawn Lane
Vacaville, CA 95696             Vacaville, CA 95688
28 |

Staci E. Coleman
c/o Teddy Ray & Shirley Francis
2160 Mariposa Drive
Dixon, CA 95620

California Service Bureau
c/o Michael K. Sipes, Esq.
3050 Fite Circle, Suite 107
Sacramento, CA 95827

Internal Revenue Service
1301 Clay Street, Ste. 1400S
Oakland, CA 94612

Department of the Treasury
Internal Revenue Service
Washington, D.C. 20224

Internal Revenue Service
55 So. Market Street
Mail Stop# HQ-5410
San Jose, CA 95113

United States Attorney
Eastern District
501 I Street, Ste. 10-100
Sacramento, CA 95814

Department of Justice
Tax Division, CTS Western
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044

California Franchise Tax Board
Collection Advisory Team M/S A-340
P.O. Box 2952
Sacramento, CA 95812-2952

California Franchise Tax Board
Legal Division
9646 Butterfield Way
Sacramento, CA 95827

Friedman Financial
P.O. Box 533
Vineburg, CA 95487

**X** **BY MAIL:** I placed a true copy in a sealed envelope addressed as indicated above. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on ___July 13_____, 2012, at San Diego, California.

_____
ROSALYNN B. SALARDA



13425336.wpd

1  PETER J. SALMON (CA SBN 174386)
   JASON W. SHORT (CA SBN 263667)
2  PITE DUNCAN, LLP
   4375 JUTLAND DRIVE, SUITE 200
3  P.O. BOX 17935
   SAN DIEGO, CA 92177-0935
4  TELEPHONE: (858) 750-7600
   FACSIMILE: (619) 590-1385
5  E-MAIL: jshort@piteduncan.com

6  Attorneys for Petitioner
   SAND CANYON CORPORATION, FKA PREMIER TRUST DEED SERVICES, INC.

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    FOR THE COUNTY OF SOLANO

10
   | IN RE: | Case No.: |
11 | | |
   | THE TRUSTEE'S SALE OF THE REAL | Unlimited Jurisdiction |
12 | PROPERTY LOCATED AT | |
   | | **NOTICE OF PETITION TO SUPERIOR** |
13 | 7387 JUNEBUG LANE | **COURT TO DEPOSIT SURPLUS FUNDS** |
   | VACAVILLE, CA 95688. | |
14 | | [Amount Deposited Exceeds $25,000.00] |

15         To all interested persons, please take notice that SAND CANYON CORPORATION, FKA

16 PREMIER TRUST DEED SERVICES, INC., hereby moves this court for an order to the Clerk of

17 the Court to deposit surplus funds after a trustee's sale of the above-captioned real property in the

18 amount of $306,853.49. All potential claimants are hereby notified that all claims for the funds must

19 be filed with said court within thirty (30) days from the date of the filing of this Notice as required

20 by California Civil Code section 2924j(d).

21         **Upon receipt of conformed copies from the court, Pite Duncan, LLP, will send a Notice**

22 **of Case Number Assignment.**

23         You will be notified by the Clerk of the Superior Court as to any future hearing dates and

24 where to submit any claim for funds.  The phone number of the court is (707) 207-7300.

25 Dated: _June 27, 2012_          PITE DUNCAN, LLP

26

27                                JASON W. SHORT
                                 Attorney for Petitioner
28                                SAND CANYON CORPORATION, FKA PREMIER
                                 TRUST DEED SERVICES, INC.

                                -1-
                            NOTICE OF PETITION

1 | PETER J. SALMON (CA SBN 174386)
JASON W. SHORT (CA SBN 263667)
2 | PITE DUNCAN, LLP
4375 JUTLAND DRIVE, SUITE 200
3 | P.O. BOX 17935
SAN DIEGO, CA 92177-0935
4 | TELEPHONE: (858) 750-7600
FACSIMILE: (619) 590-1385
5 | E-MAIL: jshort@piteduncan.com

6 | Attorneys for Petitioner
SAND CANYON CORPORATION, FKA PREMIER TRUST DEED SERVICES, INC.
7

8 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9 | **FOR THE COUNTY OF SOLANO**

10

| 11 | IN RE: | Case No.: |
| 12 | | |
| 13 | THE TRUSTEE'S SALE OF THE REAL PROPERTY LOCATED AT | Unlimited Jurisdiction |
| 14 | | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ALLOWING DEPOSIT OF SURPLUS FUNDS** |
| 15 | 7387 JUNEBUG LANE VACAVILLE, CA 95688. | |
| 16 | | [Amount Deposited Exceeds $25,000.00] |

17

18 |     Petitioner, SAND CANYON CORPORATION, FKA PREMIER TRUST DEED SERVICES,

19 | INC., hereby moves this Court for an order allowing deposit of surplus funds with the Clerk of the

20 | Court.

    This Petition is made on the basis of the Petition and Declaration Regarding Unresolved

21 | Claims and Deposit of Undistributed Surplus Proceeds of Trustee's Sale (hereinafter, "Petition" or

22 | "Declaration") filed herewith and pursuant to California Civil Code § 2924j.

23 | ///

24 | ///

25 | ///

26 | ///

27 | ///

28 | ///

# I.

## CALIFORNIA CIVIL CODE SECTION 2924j(c) ALLOWS A TRUSTEE TO DEPOSIT SURPLUS FUNDS WITH THE COURT AND SPECIFICALLY CALLS FOR THE CLERK TO DEPOSIT SAID SURPLUS FUNDS UPON THE APPLICATION OF ANY INTERESTED PARTY

California Civil Code § 2924j(c) provides in relevant part:

> If, after due diligence, the trustee is unable to determine the priority of the written claims received by the trustee to the trustee's sale surplus of multiple persons or if the trustee determines there is a conflict between potential claimants, the trustee may file a declaration of the unresolved claims and deposit with the clerk of the superior court of the county in which the sale occurred, that portion of the sales proceeds that cannot be distributed, less any fees charged by the clerk pursuant to this subdivision ...
>
> The clerk shall deposit the amount with the county treasurer, or if a bank account has been established for moneys held in trust under paragraph (2) of subdivision (a) of section 77009 of the Government Code, in that account, subject to the order of the court upon the application of any interested party. The clerk may charge a reasonable fee for the performance of activities pursuant to this subdivision equal to the fee for filing an interpleader action pursuant to Chapter 5.8 (commencing with Section 70600) of Title 8 of the Government Code. Upon deposit of that portion of the sale proceeds that cannot be distributed by due diligence, the trustee shall be discharged of further responsibility for the disbursement of sale proceeds.

# II.

## PETITIONER HAS COMPLIED WITH ALL REQUIREMENTS OF THE CIVIL CODE AND SHOULD BE DISCHARGED

Petitioner, as Trustee, pursuant to Civil Code § 2924j:

1.      Gave written notice of surplus funds within thirty (30) days of the execution of the Trustee's Deed (a copy of which notice is filed herewith);

2.      Exercised due diligence in determining the priority of written claims but was unable to disburse the remaining funds due to a conflict between claimants; and

3.      Sent written notice to all possible claimants to file a claim with this Court.

(*See* Declaration filed herewith.)

/./.

/./.

/./.

/./.

-2-

1        Therefore, Petitioner requests that the Court grant the Petition and enter an order to allow

2  deposit of the surplus funds submitted herewith with the Court and further, that Petitioner be

3  discharged from further responsibility for the disbursement of the sale proceeds, and is not required

4  to make further appearances in this matter.

5                        Respectfully submitted,

6                        PITE DUNCAN, LLP

7

Dated: June 27, 2012

8                        JASON W. SHORT

9                        Attorneys for Petitioner
SAND CANYON CORPORATION, FKA PREMIER
TRUST DEED SERVICES, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES

1 | PETER J. SALMON (CA SBN 174386)
JASON W. SHORT (CA SBN 263667)
2 | PITE DUNCAN, LLP
4375 JUTLAND DRIVE, SUITE 200
3 | P.O. BOX 17935
SAN DIEGO, CA 92177-0935
4 | TELEPHONE: (858) 750-7600
FACSIMILE: (619) 590-1385
5 | E-MAIL: jshort@piteduncan.com

6 | Attorneys for Petitioner
SAND CANYON CORPORATION, FKA PREMIER TRUST DEED SERVICES, INC.
7

8

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
9
### FOR THE COUNTY OF SOLANO
10

| | |
|---|---|
| 11  IN RE: | Case No.: |
| 12  THE TRUSTEE'S SALE OF THE REAL PROPERTY LOCATED AT | Unlimited Jurisdiction |
| 13 | **ORDER TO DEPOSIT SURPLUS FUNDS** |
| 7387 JUNEBUG LANE | |
| 14  VACAVILLE, CA 95688. | [Amount Deposited Exceeds $25,000.00] |

15

16     The Court, having reviewed the Petition filed herein and upon the application of the Trustee

17 to allow the Clerk of the Court to deposit funds.

18     **IT IS ORDERED THAT:**

19     The Clerk shall receive the sum of $306,853.49, made payable to Superior Court of

20 California, and shall deposit said amount, minus any reasonable fee that the Clerk may charge;

21     **IT IS FURTHER ORDERED THAT** the Petitioner, SAND CANYON CORPORATION,

22 FKA PREMIER TRUST DEED SERVICES, INC., as Trustee, is hereby discharged of further

23 responsibility for the disbursement of sale proceeds pursuant to Civil Code section 2924j(c) and is

not required to make further appearances in this matter; and
24

25  /././

26  /././

27  /././

/././
28
/././

-1-
ORDER TO DEPOSIT SURPLUS FUNDS

1    IT IS FURTHER ORDERED THAT within 90 days after deposit, the Court shall consider

2    all claims filed at least 15 days before the date on which the hearing is scheduled by the Court

3    pursuant to Civil Code section 2924j(d). The Clerk shall schedule and serve written notice of the

4    hearing by first-class mail on all claimants identified in Petitioner's declaration at the addresses

5    specified therein.

6

7    Dated: _____      _____

8                                                      JUDGE OF THE SUPERIOR COURT

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

1  PETER J. SALMON (CA SBN 174386)
   JASON W. SHORT (CA SBN 263667)
2  PITE DUNCAN, LLP
   4375 JUTLAND DRIVE, SUITE 200
3  P.O. BOX 17935
   SAN DIEGO, CA 92177-0935
4  TELEPHONE: (858) 750-7600
   FACSIMILE: (619) 590-1385
5  E-MAIL: jshort@piteduncan.com

6  Attorneys for Petitioner
   SAND CANYON CORPORATION, FKA PREMIER TRUST DEED SERVICES, INC.

7
              SUPERIOR COURT OF THE STATE OF CALIFORNIA
8
                  FOR THE COUNTY OF SOLANO
9

10  IN RE:                          | Case No.:

11                                  | **PROOF OF SERVICE**
    THE TRUSTEE'S SALE OF THE REAL
12  PROPERTY LOCATED AT

13  7387 JUNEBUG LANE
    VACAVILLE, CA 95688.

14

15         I, the undersigned, declare: I am, and was at the time of service of the papers herein referred
    to, over the age of 18 years, and not a party to this action. My business address is 4375 Jutland Drive
16  Suite 200, San Diego, CA 92117.

17         On ⎯July 13⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯, 2012, I served the following documents:

18     1.    **CIVIL CASE COVER SHEET**

19     2.    **PETITION AND DECLARATION REGARDING UNRESOLVED CLAIMS
             AND DEPOSIT OF UNDISTRIBUTED SURPLUS PROCEEDS OF
20           TRUSTEE'S SALE**

21     3.    **NOTICE OF PETITION TO SUPERIOR COURT TO DEPOSIT SURPLUS
             FUNDS**
22
23     4.    **MEMORANDUM OF POINTS AND AUTHORITIES**

24     5.    **ORDER TO DEPOSIT SURPLUS FUNDS (PROPOSED)**

       6.    **PROOF OF SERVICE**
25
   on the parties in this action addressed as follows:
26

27  Alan S. Coleman                Staci E. Coleman
    P.O. Box 5122                  4545 Shawn Lane
28  Vacaville, CA 95696            Vacaville, CA 95688





Staci E. Coleman
c/o Teddy Ray & Shirley Francis
2160 Mariposa Drive
Dixon, CA 95620

Internal Revenue Service
1301 Clay Street, Ste. 1400S
Oakland, CA 94612

Internal Revenue Service
55 So. Market Street
Mail Stop# HQ-5410

California Service Bureau
c/o Michael K. Sipes, Esq.
3050 Fite Circle, Suite 107
Sacramento, CA 95827

Department of the Treasury
Internal Revenue Service
Washington, D.C. 20224

United States Attorney
Eastern District
501 I