UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAND CANYON CORPORATION, FKA PREMIER TRUST DEED SERVICES, INC.,<br><br>             Plaintiff<br>             (Petitioner),<br><br>      v.<br><br>ALAN S. COLEMAN, STACI E. COLEMAN, CALIFORNIA SERVICE BUREAU, CALIFORNIA FRANCHISE TAX BOARD, FRIEDMAN FINANCIAL, and UNITED STATES OF AMERICA,<br><br>             Defendants. | No.  2:12-cv-02107 JAM-KJN<br><br>**ORDER GRANTING UNITED STATES' UNOPPOSED MOTION FOR SUMMARY JUDGMENT** |

This matter is before the Court on Defendant United States of America's ("the United States") Motion for Summary Judgment (Doc. #20).  Pursuant to the state court's order excusing Petitioner Sand Canyon Corporation ("Petitioner") from making further appearances, Petitioner did not file an opposition or statement of non-opposition.[1]  For the following reasons, the

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for April 3, 2013.

1

United States' motion is granted.

## I. BACKGROUND

### A. Procedural and Undisputed Factual Background

In 2007, Petitioner, trustee to a mortgage on the real property of Alan S. and Staci E. Coleman (collectively "the Colemans"), foreclosed its mortgage and sold the real property. United States' Statement of Undisputed Facts (Doc. #20), ("SUF") at ¶¶ 2-6. Following the foreclosure and sale of the real property, Petitioner deposited the surplus funds from the sale, $306,853.49, with the Solano County Superior Court and filed this interpleader action against the Colemans, California Service Bureau ("CSB"), California Franchise Tax Board ("FTB"), Friedman Financial, and the United States to determine the correct priority of the parties' claims. Id. ¶¶ 7, 11. On August 13, 2012, the United States filed a notice of removal (Doc. #1). On September 24, 2012, this Court issued an order transferring the surplus funds from the Solano County Superior Court to the United States District Court, Eastern District of California (Doc. #9). FTB filed a claim to the surplus funds on September 26, 2012 (Doc. #10), the United States filed a claim on September 28, 2012 (Doc. #13), and CSB filed a claim on October 10, 2012 (Doc. #14). On December 21, 2012, pursuant to the United States' request, the Clerk of Court entered default as to the Colemans and Friedman Financial (Doc. #19).

### B. The United States' Claim

The United States' claim arises from federal tax liens resulting from unpaid 1999 federal income tax liabilities

1  assessed against the Colemans jointly.  A duly authorized
2  delegate of the Secretary of Treasury made federal income tax
3  (Form 1040), penalty, interest, and other statutory addition
4  assessments against the Colemans for the tax period ending on
5  December 31, 1999.  SUF ¶¶ 26.  The Internal Revenue Service made
6  the assessments on December 23, 2002, and provided timely notice
7  and demand for payment.  Id. ¶¶ 27.  An authorized delegate of
8  the Secretary of the Treasury refiled a Notice of Federal Tax
9  Lien against the Colemans in Solano County Recorder's Office on
10 May 8, 2003, in the amount of $20,090.82.  Notices of Federal Tax
11 Lien, Exhibit 2 and 3 to the Declaration of Lee Perla, Doc. #20,
12 ("Perla Dec."), at 1.  Thereafter, the Colemans failed to pay the
13 assessed amounts.  Id.
14     C.   FTB's Claims
15     FTB's claims arise from recorded interest in the subject
16 real property resulting from perfected tax liens for the 2000,
17 2001, 2002, 2003, and 2004 tax years.  SUF ¶ 36.  FTB duly
18 perfected its state tax liens against the real property of Alan
19 S. Coleman when it recorded Notices of State Tax Lien in the
20 Solano County Recorder's office for the 2000 tax year in the
21 amount of $17,199.48 on May 21, 2003, and $18,456.56 on November
22 8, 2004; for the 2001 tax year in the amount of $14,352.69 on
23 November 8, 2004; for the 2002 tax year in the amount of
24 $16,380.04 on November 8, 2004; for the 2003 tax year in the
25 amount of $2,568.12 on May 24, 2006; and for the 2004 tax year in
26 the amount of $4,672.08 on February 9, 2007.  See Certificate of
27 Tax Due and Delinquency, Exhibit 9 to the Perla Dec., Doc. #20,
28 at 3.  The Colemans did not pay the assessed amounts.  Id.

D.  CSB's Claim

CSB's claims rest on recorded interests in the subject real property arising from three judgment liens obtained following proceedings in Solano County Superior Court. SUF ¶ 31. Abstracts of Judgment in favor of CSB and against the Colemans were duly recorded with the Solano County Recorder's Office on August 17, 2001, for $3,933.14; on September 2, 2003, for $9,692.24; and on June 10, 2005, for $167,087.67. These judgments remain unsatisfied and have been accruing interest.

Therefore, the timely filed claims are as follows:

| Party | Amount | Recorded | Record No. |
|---|---|---|---|
| CSB | $3,933.14 | Aug. 17, 2001 | 2001-94472 |
| U.S. | $20,090.82 | May 8, 2003 | 2003-74436 |
| FTB | $17,199.48 | May 21, 2003 | 2003-82290 |
| CSB | $9,692.24 | Sep. 2, 2003 | 2003-147957 |
| FTB | $18,456.56 | Nov. 8, 2004 | 2004-160297 |
| FTB | $14,352.69 | Nov. 8, 2004 | 2004-160297 |
| FTB | $16,380.04 | Nov. 8, 2004 | 2004-160297 |
| CSB | $167,087.67 | Jun. 10, 2005 | 2005-85757 |
| FTB | $2,568.12 | May 24, 2006 | 2006-65786 |
| FTB | $4,672.08 | Feb. 9, 2007 | 2007-16772 |

II.  OPINION

A.  Legal Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment

4

as a matter of law." Fed. R. Civ. P. 56(a). The purpose of summary judgment "is to isolate and dispose of factually unsupported claims or defenses." Celotex v. Catrett, 477 U.S. 317, 323-324 (1986).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). If the moving party meets its burden, the burden of production then shifts so that "the non-moving party must set forth, by affidavit or as otherwise provided in Rule 56, 'specific facts showing that there is a genuine issue for trial.'" T.W. Electrical Services, Inc. v. Pacific Electric Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (quoting Fed. R. Civ. P. 56(e)). The Court must view the facts and draw inferences in the manner most favorable to the non-moving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). "[M]ere disagreement or bald assertion that a genuine issue of material fact exists will not preclude the grant of summary judgment". Harper v. Wallingford, 877 F. 2d 728, 731 (9th Cir. 1987).

The mere existence of a scintilla of evidence in support of the non-moving party's position is insufficient: "There must be evidence on which the jury could reasonably find for [the non-moving party]." Anderson, 477 U.S. at 252. This Court thus applies to either a defendant's or plaintiff's motion for summary judgment the same standard as for a motion for directed verdict, which is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id.

B. Discussion

The parties ask the Court to determine the correct priority of the parties' claims to the $306,853.49 surplus funds. Federal Rule of Civil Procedure ("FRCP") 22 "provides a process by which a party may join all other claimants as adverse parties when their claims are such that the stakeholder may be exposed to multiple liability." Aetna Life Insurance Co. v. Bayona, 223 F.3d 1030, 1033 (9th Cir. 2000)(internal quotations omitted). The purpose of an interpleader action is "to decide the validity and priority of existing claims to a res." Texaco, Inc. v. Ponsoldt, 118 F.3d 1367, 1369 (9th Cir. 1997). "[F]ederal law governs the relative priority of federal tax liens and state created liens." Aquilino v. United States, 363 U.S. 509, 514 n.5 (1960). "Absent provision to the contrary, priority for purposes of federal law is governed by the common-law principle that 'the first in time is the first in right.'" United States v. McDermott, 507 U.S. 447, 449 (1993) (quoting United States v. New Britain, 347 U.S. 81, 85 (1954)).

    1. Defendants Alan S. Coleman, Staci E. Coleman, and Friedman Financial

On December 21, 2012, default was entered against the Colemans and Friedman Financial. Clerk's Entry of Default, Doc. #19, at 1. Pursuant to FRCP 55, default was entered for failure to timely answer, plead, or otherwise defend. Accordingly, the Colemans and Friedman Financial have forfeited any claim to the surplus funds.

    2. The United States

The United States argues that under the "first in time"

1  rule, its tax lien falls between CSB's judgment lied recorded on
2  September 17, 2001, and CSB's judgment lien recorded on September
3  2, 2003, and before all of FTB's claims.  The total outstanding
4  balance due as of January 18, 2013, including statutory accruals,
5  additions, and interest through that date, is $33,237.55.  SUF ¶
6  26.  Further, the United States submitted the Internal Revenue
7  Service Form 4340, Certificate of Assessments and Payments, which
8  is "highly probative" and "sufficient, in the absence of contrary
9  evidence, to establish that notices and assessments were properly
10 made."  United States v. Zolla, 724 F.2d 808, 810 (9th Cir.
11 1984).

    3.   CSB

   CSB has three claims with different priorities.  Interest on CSB's judgment liens accrues at the statutory rate of 10% per annum.  Cal. Code Civ. Pro. § 685.010 (a) ("Interest accrues at the rate of 10 percent per annum on the principal amount of a money judgment remaining unsatisfied.").  Because the daily rate is the principal times the interest rate divided by 365, interest accrues daily on CSB's three claims at the rate of $1.07 for the lien recorded on August 1, 2010; $2.65 for the lien recorded on September 2, 2003; and $45.77 on the lien recorded on June 10, 2005.  Therefore, CSB's claims plus interest equal $8,513.14, $18,892.68, and $296,774.42 respectively.

    4.   FTB

   FTB has six claims with different priorities.  Interest accrues on FTB's claims at a statutory rate.  Certificate of Tax Due and Delinquency, Exhibit 9 to the Perla Dec., Doc. #20, at 3. The projected total balance due as of January 18, 2013, for FTB's

recorded claims for the 2000, 2001, 2002, 2003, and 2004 tax years equals $85,533.84.  Id.  Of this amount, $28,369.40 represents the outstanding balance of the tax lien recorded on May 21, 2003; $47,223 represents the outstanding balance of the tax liens recorded on November 8, 2004; and $6,671.44 represents the outstanding balance of the tax lien recorded on May 24, 2006 and February 9, 2007.[2]  Id.

Therefore, the timely filed claims projected to January 18, 2013, are as follows:

| Party | Amount | Recorded | Record No. | Balance |
|---|---|---|---|---|
| CSB | $3,933.14 | Aug. 17, 2001 | 2001-94472 | $8,513.14 |
| U.S. | $20,090.82 | May 8, 2003 | 2003-74436 | $33,237.55 |
| FTB | $17,199.48 | May 21, 2003 | 2003-82290 | $28,369.40 |
| CSB | $9,692.24 | Sep. 2, 2003 | 2003-147957 | $18,892.68 |
| FTB | $18,456.56 | Nov. 8, 2004 | 2004-160297 | $47,223 |
| FTB | $14,352.69 | Nov. 8, 2004 | 2004-160297 | |
| FTB | $16,380.04 | Nov. 8, 2004 | 2004-160297 | |
| CSB | $167,087.67 | Jun. 10, 2005 | 2005-85757 | $296,774.42 |
| FTB | $2,568.12 | May 24, 2006 | 2006-65786 | $6,671.44 |
| FTB | $4,672.08 | Feb. 9, 2007 | 2007-16772 | |
| Total | | | | $439,681.63 |

The total balance owed, $439,681.63, is greater than the surplus funds, $306,853.49; therefore, the funds will be depleted before all claims are satisfied.

---

[2] Based on the Certificate of Tax Due and Delinquency, the numbers provided by the United States for each lien were incorrect, but were corrected by the Court to reflect the total liability for each year.

8

Accordingly, based on the "first in time" rule, the United States receives $33,237.55 to satisfy its single claim; FTB receives $75,592.40 to satisfy its first four recorded claims; and CSB receives $198,023.54 to satisfy its first and second recorded claims and partially satisfy its third claim.

### III. ORDER

For the reasons set forth above, the United States' Motion for Summary Judgment is GRANTED. The surplus funds shall be distributed as follows:

    a.   The United States—$33,237.55, plus additional interest thereon from and after January 18, 2013, less any applicable credits;

    b.   FTB—$75,592.40, plus additional interest thereon from and after January 18, 2013, less any applicable credits;

    c.   CSB—$198,023.54, plus additional interest thereon from and after January 18, 2013, less any applicable credits.

IT IS SO ORDERED.

Dated: April 10, 2013

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE